[Crim. No. 590.   Second Appellate District.—May 20, 1918.]

THE PEOPLE, Respondent, v. THOMAS BENNETT,
Appellant.

CRIMINAL LAW—ASSAULT WITH 'DEADLY WEAPON—POINTING OF UN-
LOADED GUN ACCOMPANIED BY THREAT—INSUFFICIENCY TO SUSTAIN
CONVICTION.—In a prosecution for the crime of assault with a
deadly weapon, the pointing of an unloaded gun at the prosecuting
witness, accompanied by a threat, without any attempt to use it
otherwise, is not an assault with a deadly weapon, and cannot sus-
tain a conviction for an assault for want of present ability to com-
mit a violent injury on the person threatened in the manner
attempted.

APPEAL from a judgment of the Superior Court of
Tulare County, and from an order denying a new trial.
W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Earl A. Bagby, for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Dep-
uty Attorney-General, and Jerry H. Powell, for Respondent.

JAMES, J.—The defendant was charged with the crime
of assault with a deadly weapon. The jury returned a ver-
dict finding him guilty as charged in the information. He
appeals from the judgment and from an order denying a
motion for a new trial.

The crime, as described in the information, consisted in
the firing of a shotgun at Maggie Scuffi in the county of
Tulare in September, 1917. The complainant testified that
she resided on a ranch at the time in question and residing
with her was a woman called Mrs. Bradley; that on the day
of the alleged assault defendant drove up to the gate in front
of the ranch house and asked for Mrs. Bradley; that the
latter went out to the buggy, and, after some moments had
passed, complainant heard Mrs. Bradley say, "My God, Tom,
don't"; that she went to the door and saw that the defend-
ant had Mrs. Bradley by the throat, choking her; that the
complainant then started to go to the assistance of the woman,

when defendant pointed a shotgun at her face and said, "If you come another step, we will all go together"; that in the meantime Mrs. Bradley had gotten hold of the barrel of the gun and forced it up and that complainant rushed in and also seized the weapon; that the two women begged the defendant to give up the gun, but that he refused, although upon the solicitation of Mrs. Bradley he did take a shell out of the gun; that Mrs. Bradley then turned and walked into the house. Complainant testified further as follows: "Then I said a few words to him about threatening to burn my property and do me harm that way and then he drove out of the yard and started to go toward town, and I went into the house, and after I turned to go into the door he turned back again and drove in front of my place, and just a minute I looked through the door that he had just passed through in front of the door and had the gun pointed at an angle, and I stepped into a room where Mrs. Bradley had fell down crying and he shot the gun through the screen." The testimony of witness Mrs. Bradley was corroborative of that given by the complainant. Defendant testified at the trial, admitting his presence at the Scuffi ranch on the day in question, and also admitting that he discharged a shotgun on that occasion. He stated that he went there for the purpose of persuading Mrs. Bradley to leave the home of Maggie Scuffi, as he did not think it a fit place for her. When asked why he discharged the weapon he stated that he did it to "put the fear of God in the heart of Maggie Scuffi." He denied having aimed the gun at the door, stating that he aimed it upward, but that as the mare hitched to the buggy suddenly started, the muzzle of the gun was pulled down. From this brief statement of the evidence it will at once be perceived that there was no lack of evidence to sustain the verdict as found by the jury; in fact, it would be difficult to reconcile any other verdict than that returned with the evidence adduced.

In support of his appeal defendant relies mainly upon alleged errors of the trial judge committed in the giving and refusing of instructions. The court, we think, sufficiently advised the jury as to the law to be taken into consideration in arriving at a verdict. The defendant in several paragraphs points out specific objections made to the instructions as given and to alleged error in refusing certain instructions

offered on the part of the defendant. It is argued in the brief that the jury was not sufficiently apprised of the elements of offense of assault with a deadly weapon; that the jury was not sufficiently apprised that in order to constitute the offense it was necessary for it to find beyond a reasonable doubt that the defendant had the ability to do the bodily injury attempted; that the jury was not sufficiently apprised of the purpose for which evidence of the acts of the defendant prior to the time of the alleged assault was admitted; that the crime of simple assault, included within the charge of assault with a deadly weapon, was not sufficiently defined. Examining the charge as given by the court, we find that the jury was instructed very fully as to the necessity that the proof should show the commission of the offense beyond all reasonable doubt, and that the presumption of innocence attached at every stage of the case and "to every fact essential to a conviction." The crime of simple assault was defined in the language of the code. The jury was told that the charge made by the information included within it the lesser offense of assault. An instruction was also given pertinent to the facts of the occurrence in the yard preceding the time that the defendant drove away and before he fired the shot. That instruction advised the jury that "the pointing of an unloaded gun at the prosecuting witness accompanied by a threat, without any attempt to use it otherwise, is not an assault with a deadly weapon and cannot sustain a conviction for an assault for want of present ability to commit a violent injury on the person threatened in the manner attempted." The fact appeared to be, as testified to by the defendant himself, that at the time he first pointed the gun at Maggie Scuffi it was not loaded, as he had discharged it while on his way to the place when he fired at a rabbit. He testified that he reloaded it as he drove out of the yard before the shot was fired through the screen door. The point that the court did not specifically advise the jury as to the limited purpose for which the evidence of the occurrence was admitted is without force. We think that the acts of the defendant while at the ranch of Maggie Scuffi on the day of the alleged assault were so closely connected as to constitute one transaction; that proof of all of such acts was proper to be made as showing the *res gestae.* By the instruction of the

court the first part of the controversy, whereat the gun was only pointed at Maggie Scuffi, was eliminated from consideration.

It is our opinion that the defendant was rightly convicted on abundant proof, and that he had a fair trial.

The judgment and order are affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.