## EX PARTE MATTIE WILSON.

### No. 5285.  Decided June 25, 1919.

**1.—Soliciting—Prostitution—Constitutional Law—Caption.**

Where relator contended that the Act of the Thirty-fifth Legislature, Fourth Called Session, chapter 16, defining the offense of soliciting soldiers for immoral purposes, was unconstitutional and void, because the caption of the Act was at variance with the Act itself, but said caption liberally construed is not obnoxious to the Constitution, there was no reversible error.

**2.—Same—Constitutional Law—Suspended Sentence.**

In creating the offense described in the Act of the Thirty-fifth Legislature, of unlawfully soliciting, etc., there was no amendment of the suspended sentence law, and there is no provision of the Constitution which prevented the Legislature, in fixing the penalty, to also prescribe that it should not be subject to the provisions of the suspended sentence law, there was no error and the law is valid.

From Galveston County.

Original habeas corpus proceedings, asking release of relator under indictment charging her of unlawfully soliciting, under the Act of the Thirty-fifth Legislature.

The opinion states the case.

*Frank S. Anderson* and *Aubrey Fuller,* for relator.—On question of caption of Act: Roody v. State, 16 Texas Crim. Rep., 502; Albrecht v. State, 8 id., 216; Adams v. Water Company, 86 Texas, 485.

On- question of suspended sentence: Gunter v. Texas Land and Mortgage Company, 17 S. W. Rep., 840; State v. McCracken, 42 Texas, 383.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of caption of Act: Breen v. State, 44 Texas, 302; Tadlock v. Eccles, 20 Texas, 782.

On question of suspended sentence: Brown v. State, 57 Texas Crim. Rep., 269; Fielder v. State, 40 id., 184.

MORROW, Judge.—Relator is under indictment charging that she made an appointment for, and solicited a person engaged in the United States Naval service while the government was at war with Germany, to come into contact with a woman for the purpose of unlawful sexual intercourse.

The prosecution is founded on Chapter 16, Acts of the Thirty-fifth Legislature, Fourth Called Session. The relator insists that the Act of the Legislature is void because violative of Section 35 of Article 3, of the Constitution, in which it is declared ''no bill shall contain more than one subject which shall be expressed in the title.'' This provision of the Constitution is mandatory but is to be given a liberal construction, and if the title fairly give reasonable notice of the subject-matter of the statute it meets the requirements of the Constitution. See Harris' Texas Constitution, pp. 254, notes 28 and 31. The specific matter upon which relator bases the proposition is that in the caption it is stated that the purpose of the Act is to prohibit making appointment for or soliciting any person in the service of the United States Military and Naval forces to meet or come in contact with any ''immoral woman'' for the purpose of unlawful sexual intercourse, while the terms of the law prohibits such appointment or solicitation ''to meet or come in contact with any woman for the purpose of having unlawful sexual intercourse.''

The purpose of the Act being to prohibit persons from making an appointment for, or soliciting persons engaged in the military and naval forces of the country while it was at war, to engage in unlawful sexual intercourse, the discrepancy between the caption and the terms of the Act we regard as unimportant. The description in the caption of the woman as an ''immoral woman'' we think would not be a variance with the terms of the Act which prohibits the solicitation or appointment with any woman for the purpose of unlawful sexual intercourse.

The relator makes the additional point that the statute is violative of Section 36 of Article 3 of the Constitution which prohibits the amendment of a law by reference to its title, in that Chapter 16 de-

clares in substance that an offense denounced shall not be included within the suspended sentence Act. That Act is Article 865b, Vernon's Texas Crim. Stats. vol. 2, p. 57 and was passed in the year 1913. It provided that under certain circumstances the sentence in a felony conviction might be suspended except as to certain named offenses. In creating the offense described in the Act in question there was no amendment of the suspended sentence law and we think there is no provision of the Constitution which prevented the Legislature, in fixing the penalty, to also prescribe that it should not be subject to the provisions of the suspended sentence law. It simply created a new offense, made it a felony and fixed the punishment. The offense denounced was not within the suspended sentence law, it was not in existence at the time that law was made. The general terms of that law, the offense being a felony, would have embraced the offense had not the Legislature expressed its intent that it should not be brought within its terms.

We are of the opinion that the relator's contention is not meritorious. The relief prayed for is denied and the relator remanded to custody.

*Relator remanded to Custody.*