[Crim. No. 676.   Third Appellate District.—March 6, 1923.]

## THE PEOPLE, Respondent, v. HENRY LEWIS, Appellant.

[1] CRIMINAL LAW—ESCAPE FROM "SURVEILLANCE" OF GUARDS—SUFFICIENCY OF INFORMATION.—The word "surveillance," found in section 106 of the Penal Code, was not used in the limited sense of referring to one under close watch, without being in custody; and an information following the language of that section, and which charges the defendant with escaping from the "surveillance" of the guards, is sufficient.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. V. Cowan for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information in this case charges that the defendant was "a prisoner lawfully committed to the state prison, and as such lawfully confined in the state

prison at Folsom, County of Sacramento, . . . for a term less than life; and the said Henry Lewis, while at work outside such prison, under the surveillance of prison guards, to-wit, in the County of Trinity did then and there willfully and unlawfully and feloniously escape from the surveillance of said prison guards.'' The defendant was duly convicted and he prosecutes this appeal from the judgment.

[1] It is contended that the information does not state a public offense. It is argued that to escape from the surveillance of the guards is not the equivalent of escaping from the custody of the guards; that the word ''surveillance'' means ''oversight or close watch''; that ''frequently a suspected criminal is under surveillance without being in custody or even detained or deprived of his liberty.'' It is very plain that the word is not used in such limited sense either in section 106 of the Penal Code (as amended by Stats. 1921, p. 77), or in the information. The lexicographer's definition of a word must yield to the plain meaning of the word as gathered from the context of the statute in which it is used. The information follows the language of the statute and must be held sufficient.

It is urged that section 106 is unconstitutional on the grounds considered in the case of *People* v. *French, ante,* p. 275 [214 Pac. 1003]. On the authority of that case the objection to the validity of the statute is held untenable.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.