[Crim. No. 679.   Third Appellate District.—March 6, 1923.]

THE PEOPLE, Respondent, v. L. B. FRENCH, Appellant.

[1] CRIMINAL LAW—COMMITMENT TO PRISON—ESCAPE—CONSTRUCTION
OF CODE.—Where a person is sentenced to imprisonment in one
of the state prisons and the sheriff is directed, as the law requires,
to deliver him to the warden of that prison, and thereafter he is
transferred to another state prison, he is committed to the latter
prison in the sense in which the word "committed" is used in
section 106 of the Penal Code.

[2] ID.—INTENT—INSTRUCTIONS.—At defendant's request, the court
having given one instruction on the subject of intent to escape
from confinement, it was not required to repeat that instruction
at the request of defendant.

[3] ID.—CODE AMENDMENT—SUFFICIENCY OF TITLE.—The title of the act
of 1921 amending section 106 of the Penal Code would have been
sufficient if it had merely stated that it was "An act to amend
section 106 of the Penal Code"; and such title was not unconstitu-
tional because of the addition of the further descriptive words,
"relating to attempts of prisoners to escape," although the act
also made it a crime to escape.

APPEAL from a judgment of the Superior Court of
Sacramento County.  Malcolm C. Glenn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Charles A. Bliss for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

FINCH, P. J.—While a prisoner in the state prison at
Folsom the defendant was taken out to work under guard
on a highway in Trinity County.  The information charges
him with the crime of escaping from the surveillance of his
guards in that county.  He was duly convicted of the crime
charged and prosecutes this appeal from the judgment of
conviction and the order denying his motion for a new trial.

On his arraignment the defendant entered a plea of not
guilty.  Thereafter he moved the court for permission to
withdraw his plea in order to interpose a demurrer to the
information.  The motion was denied.  After conviction

the defendant's motion in arrest of judgment was denied. these rulings need not be specifically considered because the questions of law involved are the same as those raised by other contentions hereinafter noticed.

[1] It is contended that the evidence is insufficient to support the verdict in that while the defendant was committed to the state prison at San Quentin he was taken from the prison at Folsom to the road camp in Trinity County. The defendant was sentenced to imprisonment in the state prison of the state of California and the sheriff was directed, as the law requires, to deliver the prisoner to the warden of the state prison at San Quentin. When thereafter the defendant was transferred to Folsom prison he was committed to that prison in the sense in which the word "committed" is used in section 106 of the Penal Code (as amended by Stats. 1921, p. 77), under which he was charged. The evidence shows that the defendant was a prisoner in Folsom prison at and prior to the time he was taken therefrom to the road camp. That fact is sufficient to meet the requirements of the statute.

[2] Complaint is made of the court's refusal to instruct the jury that if the defendant believed he had permission to leave camp and, so believing, went and remained beyond the limits thereof he is not guilty of escape unless, at the time of leaving or while away, he had or formed the intention of escaping, and that such intention must be proved beyond a reasonable doubt. At defendant's request, the court instructed the jury that "before you can find the defendant guilty in this case, you must be satisfied in your own mind, beyond all reasonable doubt, that he intended to escape from confinement, and you are further instructed that even though the defendant might have gone beyond the limits of the road camp, he is not guilty of escape unless he went or remained away with the intent to escape." A court is not required to repeat an instruction which has been once given.

[3] It is contended that section 106 of the Penal Code, as amended in 1921, is unconstitutional in that the provision of the act making it a crime to escape is not embraced within the title, "relating to attempts of prisoners to escape." The amending act reads as follows:

"An act to amend section one hundred six of the Penal Code, relating to attempts of prisoners to escape.

"The people of the State of California do enact as follows:

"Section 1. Section one hundred six of the Penal Code is hereby amended.

"106. Every prisoner committed to a state prison for a term less than life, who escapes or attempts to escape while being conveyed to or from or while confined within such prison or while at work outside such prison under the surveillance of prison guards is guilty of a felony and on conviction thereof the term of imprisonment therefor shall commence from the time such convict would otherwise have been discharged from said prison."

Sections 105 and 106 of the Penal Code were amended in the year 1880 by a single act (Stats. 1880, p. 42), entitled: "An act to amend sections one hundred and five and one hundred and six of the Penal Code, relating to escapes and attempts to escape from state prison." "An act to amend section 106 of the Penal Code" would have been a sufficient title for the amendment of 1921. Had such title been adopted, the subject of the act of 1921 would be ascertained by reference to the act of 1880, the title of which embraced both escapes and attempts to escape. In discussing a similar question it was said: "Under the decision of this court, the title of the act would have been sufficient if it had read simply: 'An act to amend section 61 of the Civil Code.' . . . The addition of further descriptive words cannot vitiate this sufficient title, unless such further words indicate a subject not really related to the matters covered by the body of the bill." (*Estate of Elliott,* 165 Cal. 339, 345 [132 Pac. 439, 441].) It would hardly be contended that the crimes of escaping and attempting to escape might not properly be included in a single act, under an appropriate title, or that both might not be included in an act under a title "relating to escapes." No reason suggests itself why both may not be included under a title "relating to attempts to escape." The constitutional provision is intended "to guard against the passage of bills the titles of which give no intimation to the members of the legislature or to the people of the matters contained therein." (*Ex parte Liddell,* 93 Cal. 633, 636 [29 Pac. 251, 252].) It is

to be construed "liberally, rather than to embarrass legislation by a construction which is unnecessary to the accomplishment of the beneficial purposes for which the provision was adopted." (*Beach* v. *Von Detten,* 139 Cal. 462, 465 [73 Pac. 187, 188].) "Where the title suggests to the mind the field of legislation which the text of the act includes, the title will not be held misleading or insufficient, or the act restricted in its operation." (*People* v. *Jordan,* 172 Cal. 391, 394 [156 Pac. 451, 453].) "The objections should be grave, and the conflict between the statute and the constitution palpable, before the judiciary should disregard a legislative enactment." (*Inhabitants etc. of Montclair* v. *Ramsdell,* 107 U. S. 147 [27 L. Ed. 431, 2 Sup. Ct. Rep. 391, see, also, Rose's U. S. Notes].) "It is not essential that the best or even an accurate title be employed, if it be suggestive in any sense of the legislative purpose. The remedy to be secured and mischief avoided is the best test of a sufficient title, which is to prevent it from being made a cloak or artifice to distract attention from the substance of the act." (*State* v. *Board of Control,* 85 Minn. 165 [88 N. W. 533]. See, also, *Ex parte Wilson,* 85 Tex. Cr. 554 [213 S. W. 984] ; *Burton* v. *Commonwealth,* 122 Va. 847 [94 S. E. 923].)

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.