**MIKULEC v. STATE. (No. 8423.)**

(Court of Criminal Appeals of Texas. April 30, 1924. Rehearing Denied June 18, 1924.)

**1. Criminal law ☞772(4) — Instruction to convict if evidence showed commission of offense within three years of date laid in indictment held justified.**

A charge that jury were not confined to exact date laid in indictment if they believed from the evidence defendant committed the offense charged within three years prior to the date mentioned was proper where evidence showed only discovery of paraphernalia for manufacturing liquor on the date alleged, and not actual manufacture.

**2. Intoxicating liquors ☞236(19)—Evidence held to support conviction for manufacturing prohibited liquor.**

Evidence *held* to support conviction for manufacturing liquor containing more than 1 per cent. of alcohol by volume.

On Motion for Rehearing.

**3. Statutes ⬤╍141(1)—Statute denying benefit of Suspended Sentence Law to certain persons held not amendment of law by reference to title.**

Acts 1st Called Sess. 37th Leg., c. 61, § 2d (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a4), providing that no person over 25 years of age should have the benefit of the Suspended Sentence Law upon conviction of violating the liquor law, *held* not obnoxious to Const. art. 3, § 36, prohibiting amendment of a law by reference to its title.

Appeal from District Court, Milam County; John Watson, Judge.

Frank Mikulec was convicted of manufacturing liquor containing more than 1 per cent. of alcohol by volume, and he appeals. Affirmed.

Chambers, Wallace & Gillis, of Cameron, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Following conviction in the district court of Milam county for the offense of manufacturing liquor containing more than 1 per cent. of alcohol by volume, with punishment fixed at one year in the penitentiary, an appeal is taken.

[1] The record is devoid of bills of exception. Two grounds of objection were made to the charge of the learned trial court, one that paragraph 6 of said charge was on the weight of the evidence, and authorized a conviction for an offense upon which no testimony had been introduced. Paragraph 6 of the charge instructed the jury, in substance, that they were not confined to the exact date laid in the indictment, but that, if they believed from the evidence that the accused had committed the offense charged within three years prior to said date, they should find him guilty. It appears from the evidence that on the date mentioned in the indictment officers went to appellant's house to search same, and as they approached they saw him coming from a certain direction and go upon a ladder, look in their direction, and then hurry into his house. When they reached the house they found in one room a large barrel filled with water in which was a copper coil. Water was on the floor. Just outside in the yard they found a copper can or still covered with a cloth. In a smokehouse about 20 feet from the main dwelling they found a barrel of mash comprised of dried peaches, wheat bran, sugar, etc. Following the tracks of appellant to and from the place where they saw him first, they found six jars of liquor, one being whisky and the others peach brandy. Analysis by the state chemist of the peach brandy showed its alcoholic content to be a little over 34

per cent. There were two counts in the indictment, one charging the manufacture of intoxicating liquor and the other the manufacture of liquor having an alcoholic content of more than 1 per cent. The finding of the jury was expressly upon the latter count. Inasmuch as the date laid in the indictment was the date of the raid mentioned, and it appearing that on that particular date there was no manufacturing in actual process, although appellant was found in possession of the paraphernalia, the raw material, and the finished product of such process, this we think entirely justified the charge mentioned, if justification was necessary; but it is customary in this state to instruct the jury that the state is not restricted to the exact date laid in the indictment, but may prove the offense, if it can, to have been committed at any time within the period of limitation.

The second objection to the charge was directed at paragraph 7, in which the court instructed as to the law of circumstantial evidence. If we understand the exception it was that the charge did not specifically apply the law to the facts of the case. We have carefully examined it, and do not think it materially subject to the criticism mentioned. The law of circumstantial evidence was correctly given in said paragraph, and, when taken in connection with the charge as a whole, we do not think there could have been any failure of the jury to understand that the court was applying said paragraph to the facts in this case.

[2] We cannot agree with the insistence chiefly urged by able counsel that the evidence does not support the verdict. The little top piece of the still into which the end of the worm ordinarily fitted was not produced in court, but the sheriff testified that he found same in the house and failed to bring it away. Dr. Battle, state chemist, testified that with the paraphernalia produced in court intoxicating liquor could be manufactured, and that by the use of a top such as described by the sheriff there would be no trouble in such manufacture. As stated above, the court submitted the case on the law of circumstantial evidence, and in our opinion the evidence before the jury amply warranted their conclusion.

The judgment will be affirmed.

On Motion for Rehearing.

HAWKINS, J. [3] We believe our former disposition of the case correct, but in the opinion one matter is not adverted to upon which appellant insists, viz. that section 2d, c. 61, Acts 1st C. S. 37th Leg. (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a4) providing that no person over 25 years of age should have the benefit of the Suspended Sentence Law who might be convicted of

violating the provisions of the liquor law, is obnoxious to section 36, art. 3, of the Constitution, prohibiting the amendment of á law by reference to its title. He admits that Davis v. State, 93 Tex. Cr. R. 192, 246 S. W. 395, is adverse to his contention, but questions the soundness of that opinion. The exact question was before us again in Rambo v. State, 258 S. W. 827, Guse v. State, 260 S. W. 852, and several other cases not yet reported, and the holding in the Davis Case reaffirmed. The Thirty-Fifth Legislature (Acts 4th C. S. c. 16 [Vernon's Ann. Pen. Code Supp. 1922, arts. 173½g–173½o]) denounced as crimes certain acts with persons in the military or naval service, and by section 5 denied the benefit of the Suspended Sentence Law to those convicted. In Ex parte Wilson, 85 Tex. Cr. R. 554, 213 S. W. 984, the same contention was made with reference to that statute as is now urged in the present case, but was not sustained.

The motion for rehearing is overruled.