[Crim. No. 750.   Third Appellate District.—May 10, 1924.]

THE PEOPLE, Respondent, v. LAWRENCE VANDER-BURG, Appellant.

[1] CRIMINAL LAW—ESCAPE FROM STATE PRISON—PRISONER ENGAGED IN ROAD CONSTRUCTION WORK—JURISDICTION.—The superior court of Sacramento County had jurisdiction to try a person on a charge of escaping from a state prison, where such person, who had been regularly confined within the state prison at Folsom, was, while serving his term of imprisonment, taken from said prison to the county of Trinity to work in road construction in that county, and while there he escaped from the surveillance of the prison guards.

[2] ID.—SURVEILLANCE OF GUARD—EVIDENCE.—In a prosecution based on a charge of escaping from a state prison, the fact that the defendant was under surveillance of a prison guard when he escaped was sufficiently shown at the trial by proof admitted, without objection, that a certain individual was a regular guard of the state prison, that he was detailed from such prison to act as a guard at a road camp, was at all times subject to the authorities of the prison, and was directly under a prison captain of the guard, although it did appear that while acting as such guard his salary was paid by the California Highway Commission from state highway funds.

[3] ID.—EVIDENCE—IMPEACHMENT—INSTRUCTION.—In such prosecution, no substantial right of the defendant was interfered with, or taken

---

1.  See 10 **Cal. Jur.** 565.

2.  See 10 **R. C. L.** 561.

3.  Impeaching of witnesses, notes, 15 **Am. Dec.** 96; 73 **Am. Dec.** 762; 14 **Am. St. Rep.** 157; **Ann. Cas.** 1916A, 274, 279.   See, also, 28 **R. C. L.** 614.

away, nor could the defendant have suffered any prejudice by reason of a given instruction that "A witness may be impeached by the party against whom he or she is called by contradictory evidence, or by evidence that he or she has been convicted of a felony, or by evidence that he or she has at other times made statements inconsistent with his or her present testimony."

[4] ID.—SECTION 106, PENAL CODE—CONSTITUTIONAL LAW.—In such prosecution, the contention that section 106 of the Penal Code is unconstitutional in that it does not operate uniformly with other penal provisions, cannot be sustained.

(1) 21 C. J., p. 838, sec. 39 (1926 Anno.). (2) 21 C. J., p. 834, sec. 28. (3) 16 C. J., p. 1019, sec. 2444. (4) 36 Cyc., p. 1015.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WEYAND, J., *pro tem.*—The defendant, a prisoner regularly confined within the state prison, at Folsom, California, was, while serving his term of imprisonment, taken from said prison to the county of Trinity to work in road construction in that county, and while there he escaped from the surveillance of the prison guards. He was convicted of the offense and prosecutes this appeal.

The notice of appeal states that the appeal is taken from the final judgment of conviction and from the order denying defendant's motion for a new trial.

The grounds of the motion for a new trial do not appear. However, in the written application for a transcript of the testimony the "grounds of said appeal" as therein set forth are the usual grounds of motion for a new trial. However that may be, the case will be dealt with as if a proper motion for a new trial was embodied in the record.

Appellant appears in his own behalf, and by a lengthy brief urges four main points wherein error was committed

---

4. See 5 Cal. Jur. 816.

to his prejudice. First, it is claimed that as the offense was committed in Trinity County the superior court of Sacramento County had no jurisdiction; secondly, that no proper proof was given as to the fact that he was under surveillance of a prison guard when he escaped; thirdly, that a certain instruction as to impeachment was erroneous; fourthly, that the section of the law under which this conviction was had is unconstitutional, in that it does not operate uniformly.

[1] The superior court of Sacramento County had jurisdiction. In the case of *Bradford* v. *Glenn, as Judge of the Superior Court of Sacramento County,* 188 Cal. 350 [205 Pac. 449], this question was before the supreme court of the state, under proceedings in *mandamus,* and it was there held that "a person serving a sentence of imprisonment in a state prison is, in contemplation of law, a prisoner therein, as well when at work outside under the surveillance of prison guards as when confined within its walls, so that if he escapes when outside he escapes from a prison, within the meaning of section 787" (Pen. Code). Section 787 of the Penal Code provides that a charge of escaping from a prison may be tried in any county of the state.

[2] At the trial proof was offered, without objection, of the fact that one Kaiser was a regular guard of the state prison at Folsom. That he was detailed from that prison, to act as a guard at the road camp in Trinity County. He was at all times subject to the authorities of the prison, and was directly under a prison captain of the guard. By cross-examination it did appear that while acting as such guard his salary was paid by the California highway commission from state highway funds. As far as his duties were concerned, the guarding of prisoners while at road camps, he took orders from prison officials only. He was in no sense under the jurisdiction of the highway commission. The proof was sufficient and was admitted without objection.

[3] The proof on the part of the People in part consisted of the original record of conviction of the defendant. At the time of its introduction it should have been limited to the single issue then before the trial court as to the issue: "Was this defendant a lawfully confined prisoner?" Later, if defendant became a witness, it should have been re-offered for all purposes, including impeachment. The very

charge on trial of necessity demanded proof of prior conviction of a felony. The trial court gave the following instruction, proposed by the People: "A witness may be impeached by the party against whom he or she is called by contradictory evidence, or by evidence that he or she has been convicted of a felony, or by evidence that he or she has at other times made statements inconsistent with his or her present testimony." This is but a statement of a portion of sections 2051 and 2052 of the Code of Civil Procedure. The same instruction in general terms is given in most criminal cases. Under the circumstances I cannot see that any substantial right of the defendant was interfered with, or taken away, or that he could have suffered any prejudice by reason of this instruction. In this connection it is proper to remark that the defendant offered no instructions.

[4] As to the claim that section 106 of the Penal Code is unconstitutional, in that it does not operate uniformly with other penal provisions, we cannot agree. The section does affect any and all persons convicted under it in the same manner.

Failing to find any reversible error in the record, and there being sufficient evidence to sustain the verdict of the jury, the judgment of conviction and the order denying a new trial are affirmed.

Plummer, J., and Finch, P. J., concurred.