[Crim. No. 745.   Third Appellate District.—May 23, 1924.]

## THE PEOPLE, Respondent, v. HOWARD UPTON, Appellant.

[1] CRIMINAL LAW—ESCAPE FROM PRISON CAMP—STATEMENTS OF COMMITTING MAGISTRATE—EFFECT UPON FORMAL ORDER HOLDING DEFENDANT TO ANSWER.—In a prosecution for the crime of escaping from a prison camp while the defendant was a state prisoner and under the jurisdiction and control of the state prison, what the committing magistrate may have said at the close of the preliminary hearing cannot be taken as against the formal written order holding the defendant to answer for the offense "in the within depositions mentioned," the complaint upon which that indorsement was made setting forth the crime of escaping while at work in a convict camp.

[2] Id.—Process for—Witnesses for Defendant—Attendance of.— In such prosecution, the defendant cannot successfully contend that he was denied proper process to secure the attendance of his witnesses, where his definite request for the attendance of a certain witness was granted and such witness testified at the trial upon behalf of defendant, and later, during the trial, the defendant made the suggestion that other witnesses were desired by him to properly make his defense, there being nothing that can be construed into a demand for any particular witnesses.

[3] Id.—Section 777, Penal Code—Meaning of Prior to Amendment of 1919.—The words "except as herein otherwise provided" in section 777 of the Penal Code, as it existed prior to 1919, reading, "Every person is liable to punishment by the laws of this state for a public offense committed by him therein . . . and except as herein otherwise provided, the jurisdiction of every public offense is in the county wherein it is committed," meant as otherwise provided in the Penal Code, or in the same title and chapter thereof.

[4] Id.—Amendment of 1919—Intent of Legislature.—In amending section 777 of the Penal Code in 1919 by adding thereto a proviso relating only to the venue in prosecutions under section 270 of the Penal Code, the legislature did not intend to restrict the operation of said section 777, but intended to make definite the question of jurisdiction in another particular kind of action.

[5] Id.—Jurisdiction—Reading of Sections 777 and 787, Penal Code Together.—Section 777 of the Penal Code and section 787 of the same code, which latter section is in the same title and chapter and provides, "The jurisdiction of a criminal action for escaping from prison is in any county of the state," must be read and considered together.

[6] Id.—Section 777, Penal Code—Meaning of After Amendment of 1919.—The words "herein otherwise provided" used in section 777 of the Penal Code since the amendment of 1919 have no different meaning in said section than they had before the amendment of that year, and to give these words meaning they must refer to the Penal Code as a whole or to the title and chapter thereof dealing with jurisdiction.

[7] Id.—Escape from Prison Camp—Jurisdiction of Action.—Construing sections 777 and 787 of the Penal Code together, juris-

---

2. See 7 Cal. Jur. 930; 8 R. C. L. 81.

3. See 7 Cal. Jur. 910.

4. See 7 Cal. Jur. 914.

5. Construction together of contemporaneous statutes *in pari materia*, notes, 18 Ann. Cas. 424; Ann. Cas. 1915A, 186. See, also, 25 R. C. L. 1062.

7. See 10 Cal. Jur. 565.

diction of a criminal action for escaping from a prison camp will be in any county of the state.

[8] ID.—PLACE OF E'SCAPE—PLEADING—IMMATERIAL PROOF AND ALLEGATIONS—VARIANCE.—In a prosecution in which the defendant was accused of the crime of escaping from a prison camp, in a certain county, while a state prisoner, the only necessary material allegation as to the place of escape is an allegation of its occurrence within the confines of this state; and where the information discloses an escape in this state, it is immaterial, as affecting jurisdiction, or venue, whether either allegation or proof fixed one county or another in this state as the county within which the acts complained of occurred. If a variance, it is upon an immaterial matter.

[9] ID.—SECTION 106, PENAL CODE—CONSTRUCTION OF.—The words "while at work" as used in section 106 of the Penal Code, dealing with the subject of escape by a prisoner, must be given the usual and ordinary meaning, and covers the time when a prisoner is being conveyed from a highway camp to the prison proper.

[10] ID.—NATURE OF CHARGE—DEFENSE.—In such prosecution, the defendant was sufficiently apprised of the charge against him, and was enabled to make a proper defense.

(1) 16 C. J., p. 337, sec. 611 (Anno.). (2) 16 C. J., p. 848, sec. 2140 (Anno.). (3) 16 C. J., p. 186, sec. 261. (4) 16 C. J., p. 186, sec. 261. (5) 36 Cyc., p. 1185. (6) 16 C. J., p. 186, sec. 261. (7) 21 C. J., p. 838, sec. 39 (Anno.). (8) 21 C. J., p. 840, sec. 41 (Anno.), p. 842, sec. 50. (9) 21 C. J., p. 828, sec. 11 (Anno.); 36 Cyc., p. 1114. (10) 21 C. J., p. 839, sec. 41.

APPEAL from a judgment of the Superior Court of Sacramento County. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Howard Upton, *in pro. per.* for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WEYAND, J., *pro tem.*—Defendant was accused of the crime of escaping from a prison camp, in Trinity County, he being a prisoner of the state of California under the jurisdiction and control of the state prison at Folsom, California.

8. See 14 Cal. Jur. 95; 14 R. C. L. 206; 10 R. C. L. 591.
10. See 14 Cal. Jur. 23.

He appeared at the trial without an attorney, and he appears upon this appeal in his own behalf, and by lengthy brief presents his claims for a reversal of the judgment of the lower court.

Three of the points presented by appellant herein are identical with the claims made in *People* v. *Vanderburg, ante,* p. 217 [227 Pac. 621]. These relate to the following alleged errors of the trial court, or objections advanced:

That section 106 of the Penal Code is unconstitutional;

That Sacramento County superior court had no jurisdiction, and

That the evidence failed to prove that the guard on duty was a ''prison guard.''

These points were, in the Vanderburg case, decided against the defendant, and a like ruling will be made in this case.

In addition to these claims for reversal, defendant in the instant case makes the additional claims: 1. That he is prosecuted for an offense other than the one for which he was held to answer; 2. That he was denied process for witnesses to his injury, and, 3. That there was a material variance between the allegations of the information and the proof adduced, in that in the information it was alleged that defendant escaped ''in said county of Trinity'' and ''while at work outside such prison,'' while the proof clearly showed an escape within the county of Shasta, and that the escape occurred while returning from work outside such prison.

[1] 1. The defendant was held to answer in the regular manner, and while it is disclosed that the justice of the peace who acted as committing magistrate did make an oral order at the close of the preliminary hearing, which might have been at variance with the facts adduced at said hearing, yet it is in the record that upon making the oral order, the justice made the usual written order holding defendant to answer, and it was to the effect that defendant be held for the offense ''in the within depositions mentioned.'' The record does not disclose a formal motion to set aside the information. After arraignment and plea was taken, defendant, on his own motion, was permitted to withdraw his plea of not guilty ''for the purpose of entering the demurrer.'' The defendant presented his demurrer orally in the trial court, and this oral demurrer contains the only pretended assignment, allegation or statement, that raises this particular objection, be-

fore the trial was had. Even conceding to a defendant appearing in his own behalf that this objection was properly presented to the lower court for decision, the trial court must be sustained. The record discloses a regular order holding to answer for the offense in the "within depositions mentioned," and the complaint upon which that indorsement was made did set forth the crime of escaping while at work in a convict camp. What the committing magistrate may have said cannot be taken as against the formal written order holding the defendant to answer.

[2] 2. As to the contention that defendant was denied proper process to secure the attendance of his witnesses, it appeared that at the trial of the case the defendant made a definite request for the attendance of one Major, a convict at Folsom prison. This witness was brought before the court by order and testified upon behalf of defendant. Later, during the trial, the defendant did make the suggestion that other witnesses were desired by him to properly make his defense, but there is nothing that can be construed into a demand for any particular witnesses. In view of the statements of defendant, as to witnesses desired by him, we can see no merit in this point.

3. The original complaint before the magistrate was for an escape "in said county of Shasta" and "while at work outside such prison (Folsom)." For that charge defendant was held to answer. The information, whether carelessly drawn or for some other reason not apparent, charged an escape "in said county of Trinity." The proof disclosed an escape in Shasta, and at a time when the defendant was being transferred from the work at the camp, back to the state prison at Folsom. Section 777 of the Penal Code, as it existed prior to 1919, in so far as now concerned was as follows: "Every person is liable to punishment by the laws of this state for a public offense committed by him therein . . . and except as herein otherwise provided, the jurisdiction of every public offense is in the county wherein it is committed." In 1919 the legislature added to said section a proviso relating only to the venue in prosecutions under section 270 of the Penal Code. In all other respects section 777 aforesaid was allowed to stand as it had been for many years. Appellant seems to contend that the words "except as herein otherwise provided" in this section, as it has been

67 Cal. App.—29

since the year 1919, means as provided in said section 777. [3] Ever since 1905 the words "except as herein otherwise provided" were a part of section 777 and it is apparent that these words as then used meant as otherwise provided in the Penal Code, or in the same title and chapter thereof. To have said "as herein otherwise provided" in a section that had no provisos whatsoever therein, would have been futile and meaningless. [4] It is also apparent that by amending section 777, Penal Code, the legislature did not intend to restrict its operation, but intended to make definite the question of jurisdiction in another particular kind of action. The Penal Code, since the year 1880, and in the same title and chapter, had therein and still contains another section, to wit, section 787, which reads as follows: "The jurisdiction of a criminal action for escaping from prison is in any county of the state." [5] Section 777 aforesaid and section 787 of the same chapter must be read together. It is an elementary principle governing the interpretation of laws, that all sections referring to the same general matter must be read and considered together. [6] It must be held that the words "herein otherwise provided" used in section 777 since the amendment of 1919 have no different meaning in said section than they had before the amendment of that year, and it then follows that to give these words meaning they must refer to the Penal Code as a whole or to the title and chapter thereof dealing with jurisdiction. [7] Construing these two sections together jurisdiction for this offense will be in any county of the state. In *Bradford v. Glenn, Superior Judge,* 188 Cal. 350 [205 Pac. 449], it was held that jurisdiction was in Sacramento County for a like escape in the county of Trinity. [8] It then follows that the only necessary material allegation as to the place of escape, would be an allegation of its occurrence within the confines of the state of California. It would then appear to be quite immaterial, as affecting jurisdiction, or venue, whether either allegation or proof fixed Trinity County or Shasta County as the county within which the acts complained of occurred, if the information disclosed an escape in California, which fact was clearly set forth. If a variance, it is upon an immaterial matter.

[9] The charge in the information was that the escape was made while defendant "was at work," etc., but the proof disclosed that the defendant had been taken to this

camp in Trinity County from Folsom prison to work upon the state roads, and that the actual escape occurred while the defendant was being taken back from the highway camp to the prison. The words "while at work" as used in section 106 of the Penal Code, as it now stands, must be given the usual and ordinary meaning. Strictly speaking, there can never be an escape while at work. The "work" would of necessity have to cease and the "escape" begin. It then becomes a question as to whether as used in this section, the words "while at work" may be given their ordinary and usual meaning. The section does begin with a statement of an offense of escaping "while being conveyed to" a prison, but it is apparent that as there used these words are meant to apply to the original conveyance or delivery of a prisoner to the prison for confinement, or a transferring from one prison to another, and by its use shows that it is there intended in a quite different sense from conveying prisoners to a work camp. The words "while at work" as used in the section will be held to refer to the general mission upon which defendant was engaged at that time.

[10] The only other phase of the matter that could be urged is this: Was the defendant sufficiently apprised of the charge against him, and was he enabled to make a proper defense? There can be no question but that the defendant was sufficiently advised of what the exact charge was. He made a full and complete defense in so far as he could. He was at no time "in the dark" as to the exact nature of the charge against him; indeed, his own testimony discloses that he did escape from the guards.

No reversible error appears and the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.