[Crim. No. 763.   Third Appellate District.—June 13, 1924.]

## THE PEOPLE, Respondent, v. GUST. JOHNSON, Appellant.

[1] CRIMINAL LAW—ESCAPE FROM STATE HIGHWAY CAMP—JURISDICTION.—In this prosecution on a charge of escaping from a state prison, the evidence having shown that defendant was being confined at Folsom under a conviction of burglary, that he was taken from Folsom to a road camp in Sierra County, was placed in charge of guards and while at work upon the highway, under the charge of prison guards, escaped therefrom, the superior court of Sacramento County had jurisdiction to try defendant for the offense set forth in the information.

[2] ID.—AUTHORITY OF GUARDS—EVIDENCE.—In such prosecution, the testimony having shown that the persons in whose charge defendant had been placed were acting as prison guards, this was sufficient to show their appointment and authority.

[3] ID.—COMMITMENT—TRIAL—VARIANCE.—In such prosecution, the record having shown that the magistrate held defendant for trial for the offense named in the depositions, and the depositions having shown the offense for which defendant was tried, to wit, an escape while at work outside of the Folsom prison to which defendant had been committed, while under the surveillance of prison

---

1.   Escape or prison breach as affected by means employed to effect it, note, 10 A. L. R. 148.   See, also, 10 Cal. Jur. 565; 10 R. C. L. 579.

2.   See 10 Cal. Jur. 561.

3.   See 14 Cal. Jur. 95; 14 R. C. L. 206.

guards, in the county of Sierra, this sufficiently showed that defendant was tried for the offense for which he was held to answer by the committing magistrate.

(1) 21 **C. J.**, p. 838, sec. 39 (Anno.).    (2) 21 **C. J.**, p. 844, sec. 53. (3) 16 **C. J.**, p. 334, sec. 603 (Anno.).

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gust Johnson, *in pro. per.*, and Neil R. McAllister for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant and appellant in this case, while a prisoner, lawfully confined within the state prison at Folsom in the state of California and serving a term therein upon conviction previously had and judgment pronounced, was taken from said prison to the county of Sierra to one of the construction camps there being maintained and placed at work on road construction being carried on in said county of Sierra, and, while there, escaped from the surveillance of the prison guards; was thereafter apprehended and brought to trial in the county of Sacramento, state of California. Judgment of conviction was had. A motion for a new trial was made by the defendant. This motion being denied, the defendant appeals therefrom and also from the judgment of conviction just referred to. [1] A very lengthy brief was filed in this matter covering a number of minor points, but the main objection urged on this appeal is that the superior court of the county of Sacramento had no jurisdiction to try the defendant for the offense set forth in the information.

The briefs submitted in this case present almost the identical questions considered by this court in the case of *People* v. *Vanderburg, ante,* p. 217 [227 Pac. 621]. The question of jurisdiction was also considered by this court in the cases of *People* v. *French,* 61 Cal. App. 275 [214 Pac. 1003], and

*People* v. *Lewis,* 61 Cal. App. 280 [214 Pac. 1005]. These cases decide adversely to the contention of the appellant practically all the points that are made for reversal herein. The testimony set forth shows that the defendant was being confined at Folsom under a conviction of burglary; that he was taken from Folsom to the road camp above mentioned herein, was placed in charge of guards and while at work upon the highway, under the charge of prison guards, escaped therefrom. In these respects, the facts are almost identical with that of the Vanderburg case, *supra,* and the ruling in that case as to the defendant still being under the jurisdiction of the Folsom state prison and prison guards is applicable here. [2] The point is made that the authority of the guards or their appointment was not shown by any written order. The testimony shows that they were acting as prison guards, which we think sufficient. [3] The point is also made that the defendant was not tried for the offense for which he was held to answer by the committing magistrate. It appears from the record, however, that the magistrate held the defendant for trial for the offense named in the depositions. The depositions showed the offense for which the defendant was tried, to wit, an escape while at work outside of the Folsom prison to which the defendant had been committed, while under the surveillance of prison guards, in the county of Sierra. The cases heretofore cited hold that the superior court of the county of Sacramento has jurisdiction of such offenses. There being nothing in the record justifying a reversal herein, it is hereby ordered that the judgment of the trial court and order denying a new trial herein be and the same are hereby affirmed.

Burroughs, J., *pro tem.,* and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1924.