[Crim. No. 796. Third Appellate District.—September 16, 1924.]

# THE PEOPLE, Respondent, v. J. A. WARREN, Appellant.

[1] CRIMINAL LAW—ESCAPE.—Judgment and orders affirmed upon authority of *People* v. *Vanderburg*, 67 Cal. App. 217 [227 Pac. 621], *People* v. *French*, 61 Cal. App. 275 [214 Pac. 1003)], *People* v. *Lewis*, 61 Cal. App. 280 [214 Pac. 1005], and *People* v. *Johnson*, 67 Cal. App. 680 [228 Pac. 357].

APPEAL from a judgment and orders of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lee Gebhardt for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—It appears from the transcript that the defendant was, prior to the offense upon which he was tried and convicted in this court, lawfully committed to the state prison at Folsom, and during the time for which he had been sentenced, placed at work upon the highways of the state under the surveillance of prison guards, and while there, under their custody and control, effected his escape, was thereafter captured, and prosecuted for such offense.

[1] All the points made for reversal in this case are identical in substance with the questions raised and decided adversely to the contention of appellant in the following cases: *People* v. *Vanderburg*, 67 Cal. App. 217 [227 Pac. 621], *People* v. *French*, 61 Cal. App. 275 [214 Pac. 1003], *People* v. *Lewis*, 61 Cal. App. 280 [214 Pac. 1005], and *People* v. *Johnson*, 67 Cal. App. 680 [228 Pac. 357]. All of these cases and the case at bar show that the defendants were taken from Folsom to different road camps, placed in charge of guards, and while at work upon the highway, effected their escape. Under these circumstances, it was held that the superior court of the county of Sacramento had jurisdiction, and that also all the points raised in this case for reversal are without merit. Upon authority of the cases cited, judgment and orders of the trial court in this case are affirmed.

Hart, J., and Finch, P. J., concurred.