[Crim. No. 804. Third Appellate District.—September 17, 1924.]

## THE PEOPLE, Respondent, v. ALBERT WEBER, Appellant.

[1] CRIMINAL LAW—ESCAPE FROM PRISON GUARDS—PRELIMINARY EXAMINATION—PUBLIC CHARACTER OF—AFFIDAVIT.—An affidavit stating that the preliminary examination of one accused of the crime of escaping from prison guards was "held behind prison walls, that is to say, in the office of the warden of the California state prison, situated in the prison enclosure and prison walls of the Folsom state prison," does not show that the examination was not public, there being nothing in the affidavit showing that the warden's office was not open to the general public during the examination or that the public, or any part thereof, was excluded therefrom.

---

(1) 16 C. J., p. 323, sec. 573 (Anno.).

APPEAL from a judgment of the Superior Court of Sacramento County. John F. Pullen, Judge. Affirmed.

---

1. See 7 Cal. Jur. 972.

The facts are stated in the opinion of the court.

Albert Weber, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information charges that the defendant was "a prisoner lawfully committed to the state prison . . . at Folsom . . . for a term less than life; and . . . while at work outside such prison, to wit: in the County of Shasta, State of California, under the surveillance of prison guards of said Folsom prison, did . . . willfully, unlawfully and feloniously escape from the surveillance of said prison guards." The charge was proved by uncontradicted evidence and the jury returned a verdict of guilty. The defendant prosecutes this appeal from the judgment.

The defendant moved the trial court to dismiss the information on the ground, in substance, that he had not been legally committed by a magistrate. The particular ground of objection made was that defendant was denied his constitutional right to a public examination before the committing magistrate, "in that the trial was not had in any justice court, but was had . . . behind prison walls, that is to say, in the office of the warden of the California state prison, situate in the prison inclosure of the Folsom state prison." In *People* v. *Tarbox*, 115 Cal. 57, 62 [46 Pac. 896, 897], it is said: "There can be no question that a defendant has the 'right' to a public examination before the committing magistrate." It was held, however, that the defendant had waived his right to a public examination. The statement quoted, therefore, was not necessary to the decision. Assuming that the law is as so stated, the record fails to show that defendant was denied his right to a public examination. There appears in the clerk's transcript a copy of an affidavit made by defendant. There is nothing in the record showing that such affidavit was introduced in evidence or considered at the hearing on the motion to dismiss the information. [1] Further, if the affidavit were properly authenticated, it does not show that the examination was not public. The affidavit states that the preliminary examination was "held behind

prison walls, that is to say, in the office of the warden of the California state prison, situated in the prison enclosure and prison walls of the Folsom state prison." There is nothing in the affidavit showing that the warden's office was not open to the general public during the examination or that the public, or any part thereof, was excluded therefrom.

All other points made by appellant have been considered and decided against his contentions in one or more of the following cases: *Bradford* v. *Glenn*, 188 Cal. 350 [205 Pac. 449]; *People* v. *French*, 61 Cal. App. 275 [214 Pac. 1003]; *People* v. *Lewis*, 61 Cal. App. 280 [214 Pac. 1004]; *People* v. *Vanderburg*, 67 Cal. App. 217 [227 Pac. 621]; *People* v. *Upton*, 67 Cal. App. 445 [228 Pac. 50].

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.