(No. 6182.   October 5, 1934.)

STATE, Respondent, v. JIM JONES, Appellant.

[36 Pac. (2d) 530.]

Geo. W. Edgington, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

BUDGE, C. J.—Appellant was convicted of the crime of assisting a prisoner to escape, from which judgment of conviction this appeal is prosecuted.

Without reciting all the evidence as disclosed by the record, it is my opinion that there is sufficient evidence, although conflicting, to establish the following material facts, namely: that the prisoner Lane had stolen from the county assessor's office the sum of $831.49; that appellant was contacted by Lane at the Bonneville county courthouse on the fourth day of June, 1933, at which time he delivered to appellant the stolen money; that on June 5th, after delivering coal by truck under the direction of one Taylor,

deputy sheriff and supervisor of labor to be performed by the inmates of the county jail, Lane proceeded to the home of appellant and informed him that he was going to "beat it" and asked him for the money and thereupon received from him $5 out of the money theretofore delivered; that shortly thereafter Lane stole a car belonging to one Rose and proceeded to Blackfoot, approximately twenty-five miles south of Idaho Falls, where he purchased gasoline and oil out of the money so received from appellant and then proceeded to Pocatello, where he was apprehended and upon being searched was found to have in his possession approximately $3.76.

The controlling question for determination is whether there is sufficient evidence to uphold the verdict of the jury finding appellant guilty of the crime charged, under and within the meaning of I. C. A., section 20–604, when considered and construed *in pari materia* with I. C. A., sections 20–617, 20–618, 20–619 and 20–620.

Appellant contends that, conceding he received the stolen money from the prisoner Lane and that he thereafter delivered $5 thereof to Lane, and in fact conceding every other fact and circumstance connected with the transaction, nevertheless appellant could and would not be rendered criminally liable under the statutes for assisting Lane to escape for the reason that the escape was consummated immediately upon Lane's leaving the visual presence of his custodian and was thus fully completed regardless of what was done by appellant thereafter.

A proper determination of the question presented is not altogether free from difficulty and affords opportunity for differences of opinion and discussion. The jury, by its verdict, must have concluded that when Lane called on appellant and told him that he thought they had his fingerprints and that he "was going to beat it," and the money was then delivered to him by appellant, it was a further inducement and an aid to Lane in consummating his escape and was the means whereby he assisted himself in his escape. It was the money that he received, with which he purchased

gasoline and oil to operate the stolen car, that enabled him to more effectively carry out his escape. Lane testified that when appellant gave him the $5 he "beat it" and appellant told him: "You get two or three states away" and he would send him the balance of the money, appellant advising him "it wouldn't be a good idea to take all of it, because if I got caught I would just be out that," meaning the balance of the money. I am not inclined to the view that Lane's escape was consummated or completed when he left the county jail or when he went beyond the visual presence of his custodian. Conceding that there was a technical escape at the moment he left the jail and the visual presence of his custodian, such technical escape did not develop into an actual escape until after he received the aid, encouragement and assistance from appellant. (*Cornell v. Mason,* 46 Ida. 112, at 121, 268 Pac. 8.) Under the provisions of I. C. A., sections 20-617 and 20-620, when considered *in pari materia* with I. C. A., section 20-604, Lane was in the custody and under the supervision of Deputy Sheriff Taylor, supervisor of trusties in the county jail performing labor of a character defined in I. C. A., section 20-617. Whether the commissioners made and entered the order or regulations as provided by said section, or not, would be immaterial, the fact still remains that appellant aided and assisted Lane to escape as herein held. It was not necessary under the provisions of the statute last above cited that in order for Lane to consummate his escape and to be assisted by appellant therein that Lane should have been at all times under the actual visual observation of the officer unto whose custody he had been committed. He was employed outside of the jail and would be deemed to be under the surveillance of the supervisor while he was so employed even though not actually within the range of his vision. (*People v. Lewis,* 61 Cal. App. 280, 214 Pac. 1005; *People v. Howard,* 120 Cal. App. 45, 8 Pac. (2d) 176.) His escape was not fully consummated, and he did not "beat it," until after he had received the means or the money from appellant with which and by reason of which

he consummated his escape. The term ''escape'' is not defined in the statute. A definition as clear and concise as any found in the authorities is: ''the unlawful departure of a prisoner from the limits of his custody.'' (*People v. Quijada,* 53 Cal. App. 39, 199 Pac. 854.) Lane's custody was not limited to within the walls of the jail or within the vision of his custodian. The limits of his custody were without the jail, engaged in employment under the supervision of a deputy sheriff who had control and supervision over all prisoners required to perform certain manual labor, and in the performance of such manual labor and under the supervision of Lane's custodian, he was permitted and directed to deliver coal in a truck and upon delivery thereof to return to the county jail. The charge against appellant was that of assisting a prisoner to escape. I. C. A., section 17–806, provides that: ''Every person who wilfully assists any prisoner confined in any prison, or in the lawful custody of any officer or person, to escape, . . . . from such prison or custody, is guilty of a felony.'' It is my conclusion that Lane was in the lawful custody of an officer at the time he was assisted by appellant in completing his escape, and that there is sufficient evidence to sustain the verdict and judgment, which should be affirmed.

Givens, Morgan, Holden and Wernette, JJ., concur.