[Crim. No. 2077. Third Dist. Nov. 20, 1948.]

THE PEOPLE, Respondent, v. JESSE B. HADLEY, Appellant.

Ernest Spagnoli for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—In an information filed in Sacramento County on November 26, 1947, appellant was charged with a violation of section 4531 of the Penal Code, in that on June 20, 1943, while a prisoner committed to the state prison at Folsom for a term less than life, and while at work outside the prison under the surveillance of prison guards, he escaped therefrom; and to toll the statute of limitations it was further alleged that defendant was absent from the state from July 7, 1943, to April 29, 1947.

On this appeal from judgment after conviction by a jury, appellant contends that the place from which he made his escape was not, at that time, such a place as rendered his escape therefrom a crime within the provisions of section 4531 of the Penal Code, which then provided:

"Every prisoner committed to a State prison for a term less than for life, who escapes . . . while confined within such prison or while at work outside such prison under surveillance of prison guards is punishable by imprisonment in a State prison for a term of not less than one year. . . ."

That section was amended thereafter in 1943, so that it now enumerates places such as road camps, prison forestry camps, etc., escape from which constitutes a violation of the section; and appellant argues that it must be assumed that prior to the amendment escape from the prison forest camp in Plumas County, where he was at work when he escaped,

did not constitute a violation of the statute as it read prior to its amendment.

The evidence shows that on June 20, 1943, said camp was in charge of Henry Surritt, a correctional officer of Folsom Prison; that appellant left the camp with the permission of Surritt, to go fishing; that the camp, consisting of from 10 to 20 tents with no walls or bars around it, was on government ground, and had about 50 inmates from Folsom. There was one other prison guard at the camp, but no guard was detailed to go with appellant on his proposed fishing trip. The men in the camp were working for the U. S. Forest Service, taking out gooseberry bushes, and were being paid for their services. Appellant asserts that the kind of surveillance these prisoners had was a technical one, though the guards were responsible for them; that there was a roll call three times a day, but no physical control of the men; and that during the daytime, while working in the forests, they were not guarded by anyone. He therefore argues that there is a fatal variance between the allegations of the information and the proof.

We think that there is ample evidence that appellant made his escape "while at work outside a prison under the surveillance of prison guards." It is true that the camp had but two guards who obviously could not keep their eyes at all times on some 50 inmates; but it does not follow that appellant's escape is not to be deemed within the statute because he was not so guarded. The language of the section was broad, and, we think, quite sufficient to comprehend the escape of appellant from the forestry camp where he was working. See *People* v. *Howard*, 120 Cal.App. 45, 51-52 [8 P.2d 176]; *People* v. *Upton*, 67 Cal.App. 445 [228 P. 50]; *People* v. *Lewis*, 61 Cal.App. 280 [214 P. 1005]; *People* v. *Crider*, 76 Cal.App. 101, 104 [244 P. 113].

Appellant's next contention is that tolling of the statute of limitations was not proven by legal or competent testimony. The record shows that defendant was apprehended in the State of New York in April, 1947. He then stated to an officer from Folsom Penitentiary who had been sent to return him to Folsom, that after he had been in New York about six months he was sent to the penitentiary where he served imprisonment up to the time he was taken into custody for return to California. There was also testimony by a special investigator from the district attorney's office in Sacramento that in an interview with appellant in June, 1947, at Folsom,

appellant said that he had left California the latter part of June, 1943, arriving in New York about July 7th; and that he did not thereafter leave that state until he was apprehended for return to California. This testimony was repeated by the witness in response to cross-examination by appellant's counsel, and was therefore before the jury without objection on the part of appellant. It is undenied, and is sufficient to show that the statute was tolled.

The third ground for reversal asserted by appellant is that the verdict of the jury was incomplete—that the jury was polled before the verdict was recorded, contrary to section 1164 of the Penal Code. All that the record shows in this connection is a recital in the minutes that "Counsel for the defendant requested that the Jury be polled and each of said Jurors after his or her name was called stated that the above verdict is their verdict, whereupon the Court Ordered the Verdict to stand as filed and recorded." No objection in this connection was raised in the lower court, and it will be presumed that the trial court and its clerk regularly performed their duties in this regard. Also see *People* v. *Defer*, 81 Cal.App.2d 732 [184 P.2d 955] (hearing in Supreme Court denied) and cases there cited, holding that any irregularity in this behalf, if there were such, was not prejudicial.

Appellant next complains of one of the instructions given by the trial court, to wit:

"Evidence has been introduced before you that the defendant was given limited permission by a prison guard to leave the prison forest camp for one day on Sunday, June 20, 1943, to go fishing; and that the defendant after receiving such limited permission to leave said prison forest camp, did leave and thereafter formed the intention not to return to said prison forest camp.

"In this connection you are instructed that it is immaterial as to what day or night the defendant conceived such intention to escape provided that such intention to escape was formed at a time prior to the expiration of the defendant's term of imprisonment. Consequently, if you find beyond a reasonable doubt that the defendant did depart from the surveillance of prison guards and if you further find that he formed an intent to escape and if you further find that he was a prisoner lawfully committed to a state prison on the date he formed such intention to escape and you are convinced of these matters to a moral certainty and beyond all

reasonable doubt, then it will be your duty to return a verdict of guilty, and if you are not so convinced then it will be your duty to acquit the defendant." He asserts that the trial court "thereby told the jury that the defendant escaped and had an intent to escape and it mattered not when the intent was formed." But a reading of the whole instruction shows that it was left to the jury to decide these matters. No authority is cited by appellant in support of his attack upon this instruction, and it is clear that if it was in any sense erroneous it was not prejudicial.

 Finally, appellant urges that he did not escape within the meaning of section 4531 because he was "on parole, or quasi parole," having been given permission to go fishing. But there is no evidence in the record that he was a paroled prisoner. On the contrary, Mr. Surritt testified that he was not on parole, but was "just an inmate." The fact that he had been given permission to go fishing on Sunday by the camp superintendent did not make him a paroled prisoner, as Mr. Surritt obviously had no authority to grant paroles.

We find no error in the record, wherefore the judgment is affirmed.

Peek, J., and Thompson, J., concurred.