[Civ. No. 15439.   First Dist., Div. Two.   June 26, 1953.]

THE PEOPLE, Petitioner, v. SUPERIOR COURT OF MARIN COUNTY, Respondent.

[Crim. No. 2821.   First Dist., Div Two.   June 26, 1953.]

THE PEOPLE, Appellant, v. WILLIAM JACOB LESLIE, Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Charles E. McClung, Deputy Attorney General, for Petitioner and Appellant.

Steiner, Goldstein & Brann and Philip Steiner for Respondents.

DOOLING, J.—The People present the same question both by petition for writ of mandate in Civil No. 15439 and by appeal from the order granting defendant Leslie probation in Criminal No. 2821.

On November 2, 1951, Leslie pleaded guilty to a charge of escape from a prison forestry camp in violation of Penal Code, section 4531. At the time of his escape Leslie was under commitment to the state prison following a conviction of felony. Section 1203, Penal Code, provides that probation may not be granted "to any defendant convicted of the crime of . . . escape from a state prison . . . unless the court shall be satisfied that he has never been convicted of a felony in this State. . . ."

Over objection of the People that the above quoted portion of section 1203 prohibited the granting of probation in this case the trial court after sentencing the defendant suspended the sentence and placed the defendant on probation for five years. ■ The sole question presented is whether a defendant convicted of escape under section 4531, Penal Code, has been convicted of "escape from a state prison" as that term is used in section 1203.

Section 4530, Penal Code, read at the time of defendant's escape: "Every prisoner confined in a State prison who escapes or attempts to escape therefrom, is punishable by imprisonment in a State prison for a term not less than one year; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison."

Section 4531, under which defendant was convicted, reads:

"Every prisoner committed to a State prison who escapes or attempts to escape while being conveyed to or from such prison or any other State prison, or any prison road camp, prison forestry camp, or other prison camp or prison farm or any other place while under the custody of prison officials, officers or employees; or who escapes or attempts to escape from any prison road camp, prison forestry camp, or other prison camp or prison farm or other place while under the custody of prison officials, officers or employees; or who escapes or attempts to escape while at work outside or away from prison under custody of prison officials, officers, or employees is punishable by imprisonment in a State prison for a term of not less than one year and on conviction thereof the term of imprisonment therefor shall commence from the

time such prisoner would otherwise have been discharged from said prison.''

Defendant takes the position that only those escapes covered by section 4530 are "escapes from a state prison" within the meaning of Penal Code, section 1203, and that all other escapes covered by section 4531 are not "escapes from a state prison" as that term is used in section 1203. Were it not for the statutory and judicial history this argument might be more persuasive.

Sections 4530 and 4531 are based upon the previous sections 105 and 106, Penal Code, for which they were substituted by the Legislature in 1941. As originally adopted in 1872 section 105 covered escapes from a state prison and section 106 covered attempts to escape from a state prison. At the same time section 787, Penal Code, provided: "The jurisdiction of a criminal action for escaping from a prison is in any county of the state.''

In 1921 section 106 was amended to provide (Stats. 1921, p. 77): "Every prisoner committed to a state prison for a term less than for life, who escapes or attempts to escape while being conveyed to or from or while confined within such prison or while at work outside such prison under the surveillance of prison guards is guilty of a felony. . . .''

Thus for the first time was imported into section 106 the provision expressly providing for the case of escapes of prisoners *committed* to a state prison as distinct from the provision of section 105 dealing with escapes of prisoners *confined* in a state prison. Shortly thereafter the Supreme Court was called upon to decide whether the provision of section 787, Penal Code, above quoted, fixing jurisdiction in any county of the state "of a criminal action for escaping from prison," included the type of escapes covered by the 1921 amendment to section 106 quoted above. In *Bradford* v. *Glenn*, 188 Cal. 350 [205 P. 449] the court disposed of this question in the following language:

"We are of the opinion that a person serving a sentence of imprisonment in a state prison is, in contemplation of law, a prisoner therein, as well when at work outside under the surveillance of prison guards as when confined within its walls, so that if he escapes when outside he escapes from a prison, within the meaning of section 787.''

The decision was cited and followed in a series of decisions of the District Court of Appeal in 1924: *People* v. *Vanderburg*, 67 Cal.App. 217 [227 P. 621]; *People* v. *Upton*, 67 Cal.App.

445 [228 P. 50]; *People* v. *Johnson,* 67 Cal.App. 680 [228 P. 357]; *People* v. *Warren,* 68 Cal.App. 803 [230 P. 1114].

The Legislature first introduced the language ''escape from a state prison'' into section 1203, Penal Code, in 1931. (Stats. 1931, pp. 1633-1634.) At that time the words ''escaping from prison'' as used in section 787, Penal Code, had repeatedly been given a judicial interpretation as including all escapes from custody of prisoners committed to a state prison which were provided for in section 106 by the 1921 amendment. ■ ''It is a well-recognized rule of construction that after the courts have construed the meaning of any particular word, or expression, and the legislature subsequently undertakes to use these exact words in the same connection, the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts.'' (*City of Long Beach* v. *Payne,* 3 Cal.2d 184, 191 [44 P.2d 305]; *Carroll* v. *California Horse Racing Board,* 16 Cal.2d 164, 168 [105 P.2d 110]; *Union Oil Associates* v. *Johnson,* 2 Cal.2d 727, 734-735 [43 P.2d 291, 98 A.L.R. 1499]; *In re Nowak,* 184 Cal. 701, 705-706 [195 P. 402].) In view of the judicial construction previously placed on the words ''escaping from prison'' the presumption that the Legislature intended the words ''escape from a state prison'' in section 1203 to include all escapes provided for in sections 105 and 106 (now §§ 4530 and 4531) seems inescapable.

Section 4530 was amended in 1951 to add the sentence: ''No additional probational report shall be required with respect to such offense.'' Whatever may have been the purpose of the 1951 Legislature in so amending section 4530 it can have little weight in construing the phrase ''escape from a state prison'' as used by previous Legislatures in earlier sessions, commencing in 1931.

■ We are satisfied that the order granting probation after judgment is appealable by the People. (Pen. Code, § 1238, subd. 5; *In re Sargen,* 135 Cal.App. 402 [27 P.2d 407].) ■ Thus the writ of mandate is not the proper remedy.

The alternative writ of mandate is discharged and the order appealed from is reversed.

Nourse, P. J., and Goodell, J., concurred.