[Crim. No. 2033.   First Appellate District, Division Two.—November 9, 1938.]

THE PEOPLE, Respondent, v. JOHN PETTERS, Appellant.

William L. Southwell for Appellant.

U. S. Webb, Attorney-General, and F. Walter French, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was charged with an assault with a deadly weapon. On a trial by jury he was found guilty. He made a motion for a new trial and a motion in arrest of judgment. Both motions were denied and defendant was sentenced to serve one year in the county jail. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

There is no controversy concerning the fact that defendant and the complaining witness had a dispute and that defendant picked up a wooden club and hit the complaining witness on the head with such force as to almost sever his ear from his head. Eighteen stitches were taken to repair the injury. There was a conflict in the evidence on other points. The complaining witness claimed that defendant was the aggressor and that defendant also cut him on the hands and breast with a knife. Defendant claimed that the complaining witness was the aggressor and that defendant acted in self-defense. He denied using a knife.

Appellant first contends that the trial court was "without jurisdiction over the subject of the information" and that the trial court therefore erred in denying his motion in arrest of judgment. He calls our attention to the information which charged that defendant did "wilfully, unlawfully and feloniously, by means of a deadly weapon (towit: a wooden club and a knife with open blade), commit an assault in and upon the person of one Albert Hicks, a human being". His contention is that said information was insufficient to charge an assault with a deadly weapon under section 245 of the Penal Code as the instruments named, to wit: a wooden club and a knife with open blade, are not in-

struments defined as "deadly weapons" in section 1168, subdivision (2) subsection (e) of the Penal Code. He therefore contends that the information charged no more than a simple assault, a misdemeanor under sections 240 and 241 of the Penal Code, and that the superior court had no jurisdiction.

We find no merit in this contention. Prior to 1927 there was no statutory definition for the words "deadly weapon" as used in any section of the Penal Code. That term, however, had been frequently defined in the authorities. In 3 California Jurisprudence, pages 205 and 206, several authorities are cited and it is said, "A deadly weapon is one likely to produce death or great bodily injury. The character of the weapon is ordinarily pronounced by the law. There may, however, be cases in which its character, that is to say, whether deadly or otherwise, depends upon the manner in which it was used, or the part of the body upon which it was used, and therefore it becomes a mixed question of law and fact which the jury must determine under proper instructions."

In 1927 section 1168 of the Penal Code was amended. That section is the so-called indeterminate sentence law. Subdivision (2) thereof contains certain provisions prescribing the minimum penalties to be fixed by the board of prison terms and paroles for the commission of any felony when the person convicted was armed with a deadly weapon at the time the crime was committed or was armed with a concealed deadly weapon at the time of arrest. By way of amendment in 1927, it was provided, "The words 'deadly weapon' *as used in this section* are hereby defined to include . . . " (Italics ours.) Several instruments commonly used as weapons are then enumerated. Numerous instruments which may be used as deadly weapons are not included among those instruments so enumerated. (*People* v. *Oppenheimer,* 156 Cal. 733 [106 Pac. 74] ; 3 Cal. Jur. 206.) We believe it is clear from the authorities cited and from the wording of the 1927 amendment to section 1168 of the Penal Code, that said section should be construed to define the words "deadly weapon" for the purposes of said section only and not for other purposes. We are therefore of the opinion that the pleading was sufficient to charge the commission of a felony under section 245. Furthermore, it has been held, at least

in the absence of a demurrer to the information, that it is sufficient to charge an assault with a deadly weapon in the terms of the statute without specifying the nature of the weapon used. (*People* v. *Oppenheimer, supra.*)

Appellant further contends that the trial court erred in excluding certain evidence on the cross-examination of the complaining witness. The questions to which objections were sustained sought to elicit the fact that the complaining witness had brought a civil action against appellant to recover damages for the injuries which he had sustained. Assuming that a proper foundation had been laid, for the asking of said questions, it does not appear that the error, if any, in excluding said evidence was prejudicial. The situation is somewhat similar to that presented to us in *People* v. *Ilderton,* 14 Cal. App. (2d) 647 [58 Pac. (2d) 986], where we said at page 649, ''The prejudice and bias of this witness against the defendant appears throughout his testimony and the jury could not have been more impressed with that fact if the witness had answered the questions objected to.''

Appellant's last contention is that ''The trial court erred in its instructions to the jury.'' Appellant complains because the court instructed the jury to disregard the attempt to introduce evidence regarding an alleged civil action between the parties. He also complains because the court, in describing the information, used the words ''sharp knife'' instead of the word ''knife''. He also complains because the trial court read to the jury the entire section 245 of the Penal Code. He further complains because the trial court gave the jury an instruction regarding the included offense of simple assault and then withdrew the instruction by saying, ''However, that would not apply here.''

We have considered the alleged errors and the entire charge to the jury, together with the evidence and we find no prejudicial error. The only complaint which requires serious consideration is the one dealing with the instruction in which the trial court stated that the law relating to included offenses was not applicable. In this connection we make the following observations: The cause was tried upon the theory that appellant was either guilty of assault with a deadly weapon as charged or not guilty. It was never suggested in any way that he might be guilty of some included offense rather than the offense charged. The issue of self-

defense was the only real issue presented by appellant and the trial court fully and fairly instructed the jury thereon. Appellant did not propose any instructions on the subject of included offenses and it appears probable that he preferred to gamble upon the chance of receiving a verdict of acquittal rather than to take the chance of receiving a verdict of guilty of simple assault in the event that the jury, for any reason, might have seen fit to bring in such a verdict. The evidence as to the manner of use of the wooden club and the injury inflicted thereby was such that the only rational conclusion which the jury could have reached under the circumstances was that said club was a deadly weapon, as above defined. We therefore conclude that appellant may not now complain of what amounts to a mere failure of the trial court to instruct the jury regarding the provisions of section 1159 of the Penal Code.

The judgment and order denying a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.