[Crim. No. 3294.  First Dist., Div. Two.  May 29, 1957.]

THE PEOPLE, Plaintiff and Appellant, v. WADE HENDERSON, Defendant and Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Plaintiff and Appellant.

Carl B. Shapiro, under appointment by the District Court of Appeal, for Defendant and Appellant.

DRAPER, J.—Defendant was tried upon an information charging assault with a deadly weapon in violation of Penal Code, section 245. A jury found him guilty. He was sentenced to one year in county jail, execution of the sentence was suspended and he was admitted to probation for three years upon condition he serve six months in county jail. The People appeal from the orders granting probation and suspending execution of sentence. Defendant filed a cross-appeal, but concedes that he has abandoned it by limiting his brief to reply to the People's assignments of error.

█ "Probation shall not be granted . . . to a defendant who used . . . a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted . . ." (Pen. Code, § 1203).

Self-defense was the only ground of defense urged. Defendant testified "I . . . got a knife and cut him." Thus there can be no question that defendant "used" the knife upon complainant. He argues, however, that the knife was not a deadly weapon. The verdict of guilty necessarily is a finding that the knife was a deadly weapon, since it was the only weapon used by defendant and under the statute and the instructions it must have been found to be deadly to support the charge here made (see *In re Sheffield*, 18 Cal.App. 2d 177 [63 P.2d 829]).

Defendant cites *People* v. *Southack*, 39 Cal.2d 578 [248 P.2d 12] and *People* v. *Johnson*, 140 Cal.App.2d 613 [295 P.2d 493]. Those decisions are clearly distinguishable from the case at bar. In each of the cited cases, defendant was found guilty of manslaughter. In each, the fatal wound was inflicted by a deadly weapon, but in each there was a question whether the weapon was "used" by defendant. Southack testified that the "hair-trigger" gun he held was discharged when he was jostled by another. The Supreme Court pointed out that "under the evidence and the instructions, the defendant could have been convicted of involuntary manslaughter," since it "could be inferred that defendant . . . 'did not use the gun,' but merely held it without due caution."

"If defendant's crime was voluntary manslaughter, then the trial court was correct in its stated conclusion that 'there is nothing further the court can do but send this man to the penitentiary' " (39 Cal.2d at p. 591). In the Johnson case, defendant had pleaded guilty to manslaughter, and no evidence was taken to determine whether the offense was voluntary or involuntary. Each case was remanded for determination whether defendant had in fact "used" the weapon. Obviously, neither decision is applicable to the facts of this case. Here, it would be idle to require further determination of the question whether a deadly weapon was used by defendant upon a human being.

Defendant also contends that a weapon is not "deadly," within the meaning of Penal Code, section 1203, unless it is within the definition of Penal Code, section 3024. For purposes of the latter section, a knife is a deadly weapon only if it has a blade longer than 5 inches. But the definition of section 3024 by its terms applies only to that section. It "has no bearing upon the meaning of the same words when used in other provisions of the Penal Code" (*People* v. *Raner*, 86 Cal.App.2d 107, 112 [194 P.2d 37]; *People* v. *Petters*, 29 Cal.App.2d 48 [84 P.2d 54]).

Although sentence was to one year in county jail, the effect of suspension and probation was to impose but six months confinement. The trial court clearly stated its view that six months is adequate punishment for this offense. Merely to reverse the orders of suspension and probation would impose a sentence greater than that apparently intended by the trial court. All three orders are interwoven in the single act of pronouncing judgment. Mere reversal here would amount to interference with the discretion of the trial court. Accordingly, the orders admitting defendant to probation and suspending sentence are reversed, and the case is remanded with directions to the trial court to impose sentence without probation. The appeal of defendant is dismissed.

Kaufman, P. J., and Dooling, J., concurred.