[Crim. No. 1486.   Fourth Dist.   Nov. 17, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR WILLIAM ALBERTS, Defendant and Appellant.

David H. Hayworth, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with grand theft, i.e., a violation of section 487, subdivision 1 of the Penal Code, and with a prior conviction and imprisonment in the state prison for robbery in the first degree; pleaded guilty to the theft charge and admitted the allegations of prior conviction and imprisonment; applied for probation and, at the probation hearing, admitted that he was armed with a deadly weapon at the time of the prior robbery.   The

trial court denied the application for probation upon the ground that the defendant was not eligible for probation and sentenced him to imprisonment in the state prison. From the judgment entered and the order denying probation the defendant appeals.

[██] The order denying probation may be reviewed on appeal from the judgment; is not appealable; and the attempted appeal therefrom should be dismissed. (*People* v. *Newlan*, 173 Cal.App.2d 579 [343 P.2d 618]; *Schaefer* v. *Superior Court*, 113 Cal.App.2d 428 [248 P.2d 450].)

██ The defendant contends that by the amendment of section 1203 of the Penal Code in 1957 the trial court was required to pass upon the merits of his application for probation. The amendment provisions upon which he relies are the following:

''The Legislature hereby expresses the policy of the people of the State of California to be that, *except in unusual cases where the interest of justice demands a departure from the declared policy,* no judge shall grant probation to any person who shall have been convicted of robbery, burglary or arson, and who at the time of the perpetration of said crime or any of them or at the time of his arrest was himself armed with a deadly weapon . . . nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture, nor to any such person unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State.'' (Emphasis added.)

In support of his position that these provisions require a reversal of the judgment in the instant case, the defendant cites the decision in *People* v. *Hollis*, 176 Cal.App.2d 92, 99 [1 Cal.Rptr. 293]. However, neither the amendatory provisions nor the cited decision are applicable to the case at hand.

The facts before us involve an application for probation by a defendant convicted of grand theft who previously had been convicted of the offense of robbery in the first degree and who, at the time of the perpetration of the prior offense, was armed with a deadly weapon. Prior to the amendment of 1957, section 1203 also provided, and still provides, that:

"Probation shall not be granted . . . to any defendant unless the court shall be satisfied that he has never been previously convicted of a felony in this State . . . and at the time of the perpetration of said previous offense . . . he was himself armed with a deadly weapon . . ."

The 1957 amendment did not delete nor purport to modify the latter provision. As a consequence, although a trial court now may exercise discretion in granting or refusing to grant probation to a defendant with respect to a pending conviction for "robbery, burglary or arson" even though at the time of the perpetration thereof he was armed with a deadly weapon, or to a person previously convicted of a felony which was not perpetrated while he was armed with a deadly weapon, it has no such discretion with respect to an application for probation by a defendant previously convicted of a felony who at the time of the perpetration of the previous offense was armed with a deadly weapon. The expressed intent of the statute in this regard is clear. The case of *People* v. *Hollis, supra,* 176 Cal.App.2d 92, upon which the defendant relies, is not authority to the contrary. That case did not involve the application of a defendant who previously had been convicted of a felony while armed with a deadly weapon; was not concerned with the provisions of section 1203 respecting such a factual situation; but was limited to a consideration of the application of a defendant asking for probation with respect to a pending conviction for robbery while armed with such a weapon; and was governed solely by the 1957 amendatory provisions.

There may be some ambiguity in the 1957 amendment as to the meaning of the phrase "nor to any *such* person" previously convicted of a felony (emphasis added); but whether the person referred to as "such person" is "any person" or is limited to a person convicted of robbery, burglary or arson, or to a defendant who used a deadly weapon or inflicted great bodily injury or torture in the perpetration of the offense of which he currently was convicted, is of no concern to a determination of this case; and anything stated in this opinion must not be taken as a decision with respect to this seeming ambiguity.

The order of the trial court denying probation was proper. The attempted appeal from such order is dismissed. The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.