[Crim. No. 3963. First Dist., Div. One. Mar. 19, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. ERNESTINE ORRANTE, Defendant and Respondent.

[Civ. No. 20003. First Dist., Div. One. Mar. 19, 1962.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; ERNESTINE ORRANTE, Real Party in Interest.

Stanley Mosk, Attorney General, John S. McInerny, Arlo E. Smith and Albert W. Harris, Jr., Deputy Attorneys General, for Plaintiff and Appellant in Crim. No. 3963 and for Petitioner in Civ. No. 20003.

Martin N. Pulich, Public Defender, and James C. Hooley, Assistant Public Defender, for Defendant and Respondent in Crim. No. 3963 and for Real Party in Interest in Civ. No. 20003.

No appearance for Respondent in Civ. No. 20003.

SULLIVAN, J.—The principal question for our determination in this case is whether the defendant who was convicted below of murder in the second degree and who was at the time of the perpetration of said crime armed with a deadly weapon, is eligible for probation under the provisions of section 1203 of the Penal Code. We have concluded that she is not and that the trial court acted in excess of its jurisdiction in granting probation to her. We have also concluded that the pertinent orders of the court below are appealable by the People and we so review them without calling into play the extraordinary process of the writ of mandate.

The facts are simple. On October 31, 1960, the defendant Ernestine Orrante shot and killed one Alton Correira with a 38-caliber pistol. On November 29, 1960, she was charged in an information with murder, a violation of section 187 of the Penal Code. On March 2, 1961, the defendant, represented by the public defender, upon her request and court approval, withdrew her previous plea of not guilty and pleaded guilty as charged in the information. Pursuant to the stipulation of respective counsel, the court fixed the degree of murder charged as that of second degree. (Pen. Code, §§ 189, 1192.) At the same time, upon defendant's request, the cause was referred to the probation officer for investigation.

The report of the probation officer recommended that the defendant's request for probation be denied. On March 23, 1961, the court, having considered the probation report, declared ''an exception within the meaning of Section 1203 of the Penal Code'' and suspended the imposition of sentence for five years, during which time the defendant was placed on probation subject to certain terms and conditions. At the same time the defendant was ordered released from custody forthwith.

On March 31, 1961, the trial court denied a motion by the People to have the court vacate and set aside its previous order granting probation.

The People appeal from both the order of March 23, 1961, granting probation and the order of March 31, 1961, denying

the People's motion to vacate and set aside the court's first order. To insure review of the errors complained of, the People, simultaneously with the filing of appellant's opening brief in 1 Crim. No. 3963, filed herein a petition for writ of mandate "or other appropriate relief" (1 Civ. No. 20003), suggesting that we follow the practice in *People* v. *Superior Court (Leslie)* 118 Cal.App.2d 700 [258 P.2d 1087], and consider together the appeal and the proceeding for a writ of mandate. We issued an alternative writ of mandate.

*Appealability of trial court's orders.*

The appellant contends that the order granting probation is appealable by the People but makes no argument with respect to the court's subsequent order of March 31, 1961. While the defendant, represented before us by the Public Defender of Alameda County, offers no resistance on this procedural question and, indeed, seems also to favor our review by appeal, we set forth our reasons on the appealability of both orders.

We take up first the order granting probation. Under section 1203.1 of the Penal Code, "The court or judge thereof, in the order granting probation, may suspend the *imposing,* or the *execution* of the sentence. . . ." (Emphasis added.) As we have pointed out, the trial court took the first alternative and suspended the *imposition* of sentence for five years. Where the trial court sentences the defendant and after sentence suspends the *execution* thereof, placing the defendant on probation, such order is appealable under the provisions of subdivision 5 of section 1238 of the Penal Code as being "an order made after judgment, affecting the substantial rights of the people." (*People* v. *Superior Court (Leslie), supra,* 118 Cal.App.2d 700, 703 [258 P.2d 1087] ; *In re Sargen* (1933) 135 Cal.App. 402, 405 [27 P.2d 407].) In the *Leslie* case, *supra,* the order granting probation was made after judgment. In the case before us, since no sentence was imposed, there was no judgment against the defendant (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 871 [338 P.2d 182]) and the order granting probation cannot therefore be considered as an order after judgment and thus appealable under subdivision 5 of section 1238.

Appellant, therefore, does not invoke subdivision 5 but contends that this case falls within subdivision 6 of section 1238 which provides that an appeal may be taken by the People "From an order modifying the verdict or finding by reducing the degree of the offense or the punishment im-

posed." In support of this position appellant relies on *People* v. *Burke* (1956) 47 Cal.2d 45 [301 P.2d 241]. We find merit in this contention. Since we conclude, as we will hereafter explain, that the trial court had no jurisdiction to grant probation, the defendant being ineligible therefor, the court had "no discretion but to sentence the defendant to an appropriate institution for such punishment or treatment as is provided by law." (*Stephens* v. *Toomey, supra,* 51 Cal.2d 864, 870 [338 P.2d 182].) Instead, the court suspended the imposition of sentence and granted probation. Instead of being in prison, the defendant was a free woman, subject only to the restraints of the conditions of her probation. She had no judgment pending against her and suffered no suspension of her civil rights. (*Stephens* v. *Toomey, supra,* 51 Cal.2d at p. 871.) Certainly the effect of the court's order was to modify the verdict or finding[1] by reducing the punishment imposed, unless we are prevented from so concluding for the reason that while there was a reduction in the punishment which *should* have been imposed, there was no reduction of a punishment *already actually* imposed.

In *People* v. *Burke* (1956) 47 Cal.2d 45 [301 P.2d 241], the defendant was convicted of a violation of section 11500 of the Health and Safety Code (possession of marijuana) and had a prior conviction of violation of said section. Upon sentencing, the court, at defendant's request and without objection by the People, ordered that the prior conviction, alleged in the information and admitted by the defendant, be stricken in the interest of justice. The court thereupon sentenced the defendant to the county jail instead of to the state prison as the statute prescribed in cases of a prior conviction. The defendant appealed from the judgment of conviction. The People did not appeal but requested a reversal of the judgment for the purpose of having the sentence increased to imprisonment in the state prison. The Supreme Court held that the People had assented to the ruling below not only by failing to object but by failing to appeal. The court held that "the order striking the charge of prior conviction was *in its nature* one of the orders specified as appealable either by paragraph 1 or by paragraph 6 of section 1238 of the Penal Code" (47 Cal.2d at p. 53; emphasis added), on the latter theory as an order modifying the verdict or finding by reducing the degree

---

[1] A plea of guilty is the equivalent of a verdict of a jury and dispenses with the necessity for the court to make any finding. (*People* v. *McDaniels* (1958) 165 Cal.App.2d 283, 285 [331 P.2d 450].)

of the offense or the punishment imposed. On the basis of the People's contention that the court was bound to let the information stand as filed, accept the defendant's admission of prior conviction, make a finding, and sentence accordingly, "it would follow that the purpose and ultimate effect of the court's order were the same as those of 'an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed.' '' (47 Cal.2d at pp. 53-54.) Nevertheless, the court had not imposed any punishment before striking the prior conviction. Actually, the punishment reduced was yet to be imposed.

We view *Burke* as a convincing, if not binding analogue. We do not feel that subdivision 6 of section 1238 requires the procedural formalism of the trial court first imposing the punishment and then reducing it. We are of the opinion that where the trial court suspends the imposition of sentence and grants probation, when it has no jurisdiction to make such orders, "the purpose and ultimate effect of the court's order," to adopt the language of *Burke, supra,* is to reduce the punishment and the order is appealable under subdivision 6 of section 1238.

 We next consider the appealability of the subsequent denial of the People's motion to vacate and set aside the order granting probation. By thus reaffirming the court's earlier order, the second order of denial also had the purpose and effect of reducing the punishment. (Pen. Code, § 1238, subd. 6.) As a general rule, an order denying a motion to vacate a prior judgment or order is not appealable where the motion merely seeks to change the former decision on the same facts and where the grounds of the motion existed before the entry of the original order and were available on an appeal from such order. (E.g., *civil: Agnew* v. *Cronin* (1961) 197 Cal.App.2d 535, 544 [17 Cal.Rptr. 273]; 3 Cal. Jur.2d, *Appeal and Error,* § 57, at pp. 490-491; *criminal: People* v. *Palmer* (1942) 49 Cal.App.2d 579, 580 [122 P. 2d 114]; 3 Cal.Jur.2d, *Appeal and Error,* § 94, at p. 547.) Where, however, the prior judgment or order is void on the face of the record, an appeal may be taken either from the prior judgment or order, or from the denial of the motion to vacate, and both remedies are available in the said case. (*People* v. *Flohr,* 30 Cal.App.2d 576, 579 [86 P.2d 862]; *People* v. *Cravens,* 115 Cal.App.2d 201, 203 [251 P.2d 717]; 3 Cal.Jur.2d, *Appeal and Error,* § 94, at p. 547.) Since, as we shall explain hereafter, the trial court

acted in excess of its jurisdiction in making its order granting probation, such order was void. Therefore, the order denying the motion to vacate is also appealable (*People* v. *Cravens, supra*) and both orders may be appealed from in the same case.

We conclude, therefore, that the order of March 23, 1961, granting probation and the order of March 31, 1961, denying the People's motion to vacate and set aside the court's first order are both appealable by the People and that the writ of mandate is not here the proper remedy for review.

*Jurisdiction to grant probation.*

■■■ We turn to the main issue in the case, the defendant's eligibility for probation under the provisions of section 1203 of the Penal Code. As we have pointed out, the defendant was convicted of murder in the second degree. It is also uncontroverted that at the time of the perpetration of such crime, she was armed with a deadly weapon. We have to determine, therefore, whether or not the trial court acted in excess of its jurisdiction in granting her probation.

The question presented turns upon an application and interpretation of the third and fourth paragraphs of section 1203. We set them forth in the footnote,[2] so marked, although

---

[2] (Third paragraph) ''The Legislature hereby expresses the policy of the people of the State of California to be that, except in unusual cases where the interest of justice demands a departure from the declared policy, no judge shall grant probation to any person who shall have been convicted of robbery, burglary or arson, and who at the time of the perpetration of said crime or any of them or at the time of his arrest was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture, nor to any such person unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State.''

(Fourth paragraph) ''Probation shall not be granted to any person who shall have been convicted of burglary with explosives, rape with force or violence, murder, assault with intent to commit murder, attempt to commit murder, train wrecking, kidnaping, escape from a state prison, conspiracy to commit any one or more of the aforementioned felonies, and who at the time of the perpetration of said crime or any of them or at the time of his arrest was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture, nor to

the section in fact contains no numerical subdivisions. The third paragraph was added to section 1203 by an amendment enacted in 1957. (Stats. 1957, ch. 2054, § 1.) It expresses the policy of the state that probation shall not be granted for certain specified crimes except in "unusual cases." In these instances, the effect of the paragraph is to permit the granting of probation in the discretion of the court. The fourth paragraph pronounces an absolute prohibition for certain specified crimes. Prior to 1957, the fourth paragraph appeared in section 1203 as the second paragraph thereof and read the same as it does now except that it included among the offenses specified, the crimes of robbery, burglary and arson. By the 1957 amendment to section 1203, these three crimes were placed in the new, third, paragraph.

In its application of section 1203 to the case before us, the trial court construed the third paragraph as permitting the granting of probation in any case where the defendant "used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted." The court concluded that the defendant fell within the classification so delineated by the above quoted language and granted her probation, declaring her case to be "an exception within the meaning of section 1203. . . ."

Certainly the effect of the 1957 amendment was to create

any defendant unless the court shall be satisfied that he has not been twice previously convicted of felony in this State nor twice previously convicted in any other place or places of public offenses which would have been felonies if committed in this State; nor to any defendant convicted of the crime of burglary with explosives, rape with force or violence, murder, attempt to commit murder, assault with intent to commit murder, train wrecking, extortion, kidnaping, escape from a state prison, violation of Sections 286, 288 or 288a of this code, or conspiracy to commit any one or more of the aforesaid felonies, unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State; nor to any defendant unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor convicted in any other place of a public offense which would have been a felony if committed in this State and at the time of the perpetration of said previous offense or at the time of his arrest for said previous offense he was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same) or he personally used or attempted to use a deadly weapon upon a human being in connection with the perpetration of said previous offense or in the perpetration of said previous offense he wilfully inflicted great bodily injury or torture; nor to any public official or peace officer of the State, county, city, city and county, or other political subdivision who, in the discharge of the duties of his public office or employment, accepted or gave or offered to accept or give any bribe or embezzled public money or was guilty of extortion."

by the language of the third paragraph of said section, a new area where probation should be denied but where it may be granted in "unusual cases" in the discretion of the court. There still remains however in the fourth paragraph specified crimes for which probation absolutely cannot be granted. We have noted that the Legislature in 1957 removed from the fourth paragraph the three crimes of robbery, burglary and arson. Nevertheless, the prohibitory provisions of such paragraph were not otherwise affected. Cases construing the fourth paragraph as it read prior to the 1957 amendment (it then appeared as the second paragraph in the section) uniformly held that the trial court had no discretion to grant probation for the offenses listed therein, e.g., *People* v. *Henderson* (1957) 151 Cal.App.2d 407 [311 P.2d 594] (assault with a deadly weapon); *People* v. *Superior Court* (1953) 118 Cal. App.2d 700 [258 P.2d 1087] (escape from state prison); *People* v. *Young* (1948) 88 Cal.App.2d 129, 137 [198 P.2d 384] (assault—infliction of great bodily injury). It is clear then that except for the three crimes which were removed from the paragraph in 1957, it continued to constitute an absolute prohibition for the granting of probation.[3]

The fourth paragraph of section 1203 read prior to the 1957 amendment to the section, and now reads, as follows: "Probation shall not be granted to any person who shall have been convicted of . . . murder . . . and who at the time of the perpetration of said crime . . . or at the time of his arrest was himself armed with a deadly weapon. . . ." This language is clear and certain. It was fully effective in withholding authority from the trial court before the 1957 amendment. The crime of murder was not deleted from the paragraph. It must then continue as an effective denial of authority to the trial court after the 1957 amendment.

Recent cases fortify our conclusion. In *People* v. *Wade* (1959) 53 Cal.2d 322 [348 P.2d 116], the defendants Wade and Miller were convicted of murder in the first degree and robbery in the first degree. The defendant Miller was not herself armed with a deadly weapon at the time of the commission of the crimes or at the time of her arrest. The trial judge held nevertheless that Miller was ineligible for proba-

---

[3]Reports on 1957 legislative changes, both the bill proposed by the State Bar but not passed (SB 2279-1957) and the bill finally enacted refer to the fourth paragraph as an "absolute prohibition" on the granting of probation. See 32 State Bar Journal 13, 20-21; 501, 612 (1957).

tion and denied probation for her on such ground. The Supreme Court reversed the judgment as to Miller with specific directions to the trial court to entertain Miller's application for probation and to grant or deny the same in its discretion stating: "Since the defendant herein was not herself armed with a deadly weapon at the time of the commission of the offense charged against her, or at the time of her arrest, she was eligible for probation if the trial court concluded she was worthy thereof." (Pp. 338-339.) The court quoted relevant excerpts of section 1203 concluding with an excerpt from the first clause of the fourth paragraph which is in identical language with the excerpt we have quoted in this opinion. Discussing decisions holding that it was error to deny probation without determining whether the statutory requirements for probation were present, the court said: "The statute provided at the time of each of the convictions, as it does now, that a convicted person is eligible for probation unless he was armed with a deadly weapon at the time of the commission of the felony. In both cases the trial court denied the applications for probation without knowing whether the defendants were, in fact, carrying deadly weapons. In both cases the reviewing court remanded the cases to the trial court with directions to entertain requests for probation in conformity with the statute." (P. 338.) It is clear from the opinion that the court's reasoning was that Miller would have been ineligible for probation as a matter of law if she had been armed herself, and that the opinion, quoting as it did the same excerpt as we do from the fourth paragraph of section 1203, implicitly recognized not only the continuing prohibitory character of that paragraph but also the particular, disqualifying character of its first clause in respect to murder, perpetrated by a defendant armed with a deadly weapon.

*People* v. *Alberts* (1961) 197 Cal.App.2d 108 [17 Cal. Rptr. 48] is more explicit. In that case the defendant pleaded guilty to grand theft and admitted a prior conviction and imprisonment in the state prison for robbery in the first degree. The trial court denied his application for probation upon the ground that the defendant was not eligible for probation. On appeal Alberts contended that because of the third paragraph added to section 1203 in 1957, the trial court was required to pass upon the merits of his application. It is clear that Alberts fell within the sixth clause of the absolute prohibition of the fourth paragraph. The court held that the trial court's order denying probation was proper, stating:

"Prior to the amendment of 1957, section 1203 also provided, and still provides, that:

" 'Probation shall not be granted . . . to any defendant unless the court shall be satisfied that he has never been previously convicted of a felony in this State . . . and at the time of the perpetration of said previous offense . . . he was himself armed with a deadly weapon. . . .'

"The 1957 amendment did not delete nor purport to modify the latter provision. As a consequence, although a trial court now may exercise discretion in granting or refusing to grant probation to a defendant with respect to a pending conviction for 'robbery, burglary or arson' even though at the time of the perpetration thereof he was armed with a deadly weapon, or to a person previously convicted of a felony which was not perpetrated while he was armed with a deadly weapon, it has no such discretion with respect to an application for probation by a defendant previously convicted of a felony who at the time of the perpetration of the previous offense was armed with a deadly weapon. The expressed intent of the statute in this regard is clear. The case of *People* v. *Hollis, supra,* 176 Cal.App.2d 92 [1 Cal.Rptr. 293], upon which the defendant relies, is not authority to the contrary. That case did not involve the application of a defendant who previously had been convicted of a felony while armed with a deadly weapon; was not concerned with the provisions of section 1203 respecting such a factual situation; but was limited to a consideration of the application of a defendant asking for probation with respect to a pending conviction for robbery while armed with such a weapon; and was governed solely by the 1957 amendatory provisions." (197 Cal.App. 2d at pp. 109-110.)

*Alberts* demonstrates that the 1957 amendment to section 1203 did not change the operation of that paragraph as an absolute prohibition on the granting of probation. The authority of *Alberts* is not lessened by the fact that *Alberts* involved the sixth clause whereas the case before us involves the first clause, since it is beyond any question that the opening words of the paragraph—"Probation shall not be granted"—extend to the entire paragraph.

In *People* v. *Superior Court (Guerrero)* 199 Cal.App.2d 303 [18 Cal.Rptr. 557], the defendant pleaded guilty to murder of the first degree. The opinion states that the victim was shot to death. Nevertheless the trial court in that case suspended imposition of sentence and granted probation, con-

cluding that its authority to do so was found in the third paragraph of section 1203. The opinion of the District Court of Appeal indicates that the trial court granted probation on the theory that the facts of that case fell within the second and third clauses of such paragraph[4] and that such clauses conferred authority for granting probation for all crimes. The District Court of Appeal stated that ''The interpretation applied by the trial court would bring the provisions of paragraph 3 [third paragraph] in direct conflict with those of paragraph 4 [fourth paragraph] as to all crimes listed in paragraph 4. . . . This apparent conflict should be avoided, if reasonably possible, and can be avoided by interpreting paragraph 3 as applicable only to robbery, burglary and arson, which, clearly, is the case.'' (P. 308.) Such an interpretation of section 1203 resulted in the holding that the court had no jurisdiction to grant probation in cases of murder, which necessarily was excluded from the ''permissive'' third paragraph. Although the foregoing appears to be the primary reason for the court's decision, nevertheless it is significant that the court, as an alternate reason, gave recognition to the ''absolute prohibition'' of the fourth paragraph in the following language: ''There is another rule of interpretation that forbids the construction adopted by the trial court. Even if the clauses commencing 'nor to a defendant' and 'nor to one who,' could be construed as referring to all crimes, it would be in general language. If they were the only terms used in the entire section they would, of course, include burglary with explosives, murder and all other crimes in that category. But these crimes are specifically listed in paragraph 4 as crimes for which probation may not be granted and would have to be deemed excluded from the general descriptive categories of paragraph 3 under the rule stated in *Rose* v. *State,* 19 Cal.2d 713, at page 723 [123 P.2d 505] : 'It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' (See also Code Civ. Proc., § 1859.) Under this rule the special provisions of paragraph 4 are controlling over the general language of paragraph 3, even under the

---

[4]See note 2, *supra.*

broadest possible interpretation of the latter." (*People* v. *Superior Court (Guerrero) supra*, at p. 309.)

The fourth paragraph, therefore, remains after the 1957 amendment, as it operated before, an absolute prohibition on the granting of probation for the crimes specified therein. As we have pointed out, it is beyond question that the defendant falls within the classification defined in the first clause of the paragraph. She was convicted of murder. At the time of the perpetration of that crime she was herself armed with a deadly weapon. One can ask for no greater specificity. The withholding of judicial discretion could hardly be expressed in more absolute terms. "Probation shall not be granted. . . ."

Despite this specific language, however, the trial court seems to have treated the defendant as coming within the more general description of the second clause of the third paragraph. Her ineligibility was then that of a defendant who used a deadly weapon upon a human being in connection with the crime (any crime) of which she was convicted. Unfortunately, this classification is duplicated in the fourth paragraph.[5] A similar duplication takes place with the third clause of both the third and fourth paragraphs.[6] This erroneous conception as to the class of the offense here involved, coupled with the confusing duplication of such erroneously chosen offense in both paragraphs, the one prohibitory but allowing probation in the discretion of the court and the other absolutely prohibitory, has produced a crushing surplusage of argument in the briefs of the parties.

Appellant, because it strives to place this defendant in the fourth (absolute prohibition) paragraph, argues that the third paragraph applies only to the three crimes of robbery, burglary and arson and that, therefore, the defendant having been convicted of murder cannot possibly come within the third (permissive) paragraph. This contention was made by the People in the trial court.

We are aware that the statute leaves much to be desired in the way of clear and organized statement. It is also appar-

[5]The second clause of the third paragraph reads: "nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted. . . ." This same language appears as the second clause of the fourth paragraph.

[6]The third clause of the third paragraph reads ". . . nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture. . . ." This same language appears as the third clause of the fourth paragraph.

ent that the duplicated language which we have pointed out above has created ambiguity. But a construction and reconciliation of such ambiguous and duplicated clauses is not necessary to the disposition of this case. We express no views herein as to such duplicated clauses, as to the scope of the third paragraph or as to whether it is limited to the three crimes of robbery, burglary or arson. Obviously the problems suggested by such clauses and such paragraph will require solution in an appropriate case. This is not such a case. This is a case of a defendant, convicted of murder, who was armed with a deadly weapon at the time of the perpetration of the crime.

She is ineligible for probation not merely because her offense falls within the general class described in the second clause (and assuming *arguendo* that such class is not limited to the crimes of robbery, burglary and arson) namely, *any* crime in connection with which the defendant used a deadly weapon on a human being. She is ineligible because her case is specifically covered by the absolute prohibition: "Probation shall not be granted to any person who shall have been convicted of . . . murder . . . and who at the time of the perpetration of said crime . . . was himself armed with a deadly weapon. . . ." This is the clear wording of the statute. This specific prohibitory provision governs as against a general provision, although the latter standing alone might be broad enough to include the subject to which the more particular provision relates. (*Rose* v. *State* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]; *People* v. *Wood* (1958) 161 Cal.App.2d 24, 29 [325 P.2d 1014]; *People* v. *Superior Court* (*Guerrero*), *supra*, 199 Cal.App.2d 303 [18 Cal.Rptr. 557]; 45 Cal.Jur.2d, *Statutes*, § 119, at p. 628.)

Respondent's argument that both the third and the fourth paragraphs invest the court with a discretionary power to grant probation is entirely without merit. It is answered by the clear language of the fourth paragraph, the legislative history of the statute (see footnote 3, *ante*) and the decisions both before and after the 1957 amendment, holding that the fourth paragraph is one of absolute prohibition. Indeed, respondent's contention is both novel and unsupported by authority.

We hold, therefore, that the trial court in granting probation to this defendant acted in excess of its jurisdiction, and that its order in that respect is void. Accordingly, in 1 Crim. No. 3963 the order of March 23, 1961, granting probation

to the defendant and the order of March 31, 1961, denying the People's motion to vacate and set aside such order, are, and each of them hereby is, reversed, and the case is remanded with directions to the trial court to impose sentence upon the defendant according to law and without granting probation. Since this disposes of the matter, the alternative writ of mandate in 1 Civ. No. 20003 is discharged and the peremptory writ of mandate is denied.

Bray, P. J., and Tobriner, J., concurred.