Filed 10/28/14  P. v. Goodwin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HERBERT DEON GOODWIN,<br><br>    Defendant and Appellant. | F066546<br><br>(Super. Ct. No. MCR042196A)<br><br>**O P I N I O N** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Timothy E. Warriner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

**\***      Before Gomes, Acting P.J., Detjen, J., and Franson, J.

The trial court corrected a sentencing error - changing appellant Herbert Deon Goodwin's unauthorized grant of probation to the authorized midterm of six years. Goodwin appeals the more severe judgment. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On May 11, 2012, a jury found Goodwin guilty of pimping and prostituting a person under the age of 16 years of age (Pen. Code, § 266h, subd. (b)(2))[1]. On August 9, 2012, the trial court suspended imposition of sentence and placed Goodwin on probation for three years and ordered him to spend 90 days in jail. Three months later, on November 6, 2012, Goodwin's probation officer alleged that Goodwin had violated his probation. The probation officer also noted that, after probation was granted in August, the district attorney's office informed the probation department that Goodwin's offense made him ineligible for probation pursuant to section 1203.065.

A hearing was set for November 30, 2012, to consider the illegality of Goodwin's probation sentence. At the hearing, the prosecutor admitted that, when he became aware that probation was not available in this case, he decided to "let it lie" because it was Goodwin's first felony and he thought he would "give him the benefit of the doubt and see how he did on probation." The trial court concluded that its earlier grant of probation was illegal and that Goodwin was ineligible for probation. The trial court referred the matter to probation for a report and recommendation and set a resentencing hearing for December 4, 2012.

The resentencing hearing was continued three times due to Goodwin's counsel's request for more time and Goodwin's *Marsden*[2] motion and subsequent request to represent himself, which he later vacated. At resentencing on January 11, 2013,

---

[1] All further references are to the Penal Code unless otherwise stated.

[2] *People* v. *Marsden* (1970) 2 Cal.3d 118.

2

Goodwin was denied probation and sentenced to the midterm of six years in state prison with 221 days of credit for time served in jail.

## DISCUSSION

### I. UNAUTHORIZED SENTENCE

Goodwin makes multiple arguments that the trial court should not have revoked probation: that the trial court exceeded its jurisdiction when it sentenced him to prison; that estoppel principles require that he be treated as eligible for probation; that this court should decline to void the probationary grant because to do so would be unfair and unjust; and that imposing a prison sentence in this circumstance violated due process. We find none of his arguments availing.

There is no dispute that the grant of probation imposed by the trial court in 2012 was not an authorized sentence. Section 1203.065, subdivision (a) states specifically, in relevant part, that "probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is convicted of violating … Section 266h …." If a defendant is statutorily ineligible for probation, the trial court has no jurisdiction to grant him probation and retains "'no discretion but to sentence the defendant to an appropriate institution for such punishment or treatment as is provided by law.'" (*People v. Orrante* (1962) 201 Cal.App.2d 553, 557.) Granting probation in excess of the trial court's jurisdiction renders the order of probation void. (*Id.* at p. 566.)

It has long been settled that, when a trial court imposes a sentence "not authorized by law" for the offense upon which the defendant is convicted, the sentence is "subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court." (*People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.) For instance, "In *People v. Massengale* [(1970)] 10 Cal.App.3d 689, the trial court sentenced the defendants to the county jail for the offense of extortion, for which the statute prescribes

3

a prison sentence. When defendants appealed from the judgment, the appellate court noticed the unauthorized sentence and remanded the cases to the superior court for imposition of lawful sentences." (*People v. Serrato, supra,* at p. 765.)

Because the grant of probation by the trial court here was in excess of the court's jurisdiction, Goodwin was not entitled to claim the protection of that invalid judgment as a limitation on the court's further actions. (*People v. Serrato, supra,* 9 Cal.3d at p. 765.)

To avoid the rule that his illegal sentence could be corrected by the trial court at any time, Goodwin cites section 1238, subdivision (d), which states:

> "Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after the probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation."

In other words, Goodwin is arguing that, because the People did not follow the mandate of section 1238, subdivision (d) and file a writ within 60 days of his grant of probation, the trial court was without jurisdiction to correct the error. But section 1238 addresses the limited instances in which the People may file an appeal and this is not an appeal brought by the People. It is Goodwin who is appealing and section 1238 is, by its very nature, inapplicable.

We also reject Goodwin's remaining arguments that estoppel and due process principles bar the prison term. In essence, Goodwin is claiming that he has "adjusted his life" to the privilege of probation and a prison term would be fundamentally unfair. However, the trial court's correction of an illegal sentence does not "'work a substantially greater hardship on [a] defendant[] than would have been exacted by a lawful sentence imposed initially.'" (*People v. Statum* (2002) 28 Cal.4th 682, 696.) And simply because Goodwin may have "'psychologically prepared'" himself for a lower sentence "'and may,

4

as a result of [the court's] action, have [his] expectations frustrated does not compel a different result.'" (*Ibid.*)

"'"'The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.'"' [Citation.]" (*People v. Statum, supra,* 28 Cal.4th at p. 696.) We find no error in the trial court's resentencing of Goodwin to correct the illegal grant of probation.

## II. IMPOSITION OF THE MIDTERM

Goodwin contends that, in sentencing him to the midterm of six years, the trial court erroneously considered matters occurring after the grant of probation. We find no prejudicial error.

### *Procedural History*

In the initial sentencing proceeding on August 9, 2012, the probation officer recommended probation because Goodwin was at a low risk to reoffend and his ability to comply with probation was indicated by his employment, education, and family ties. The People asked that if the trial court sentenced Goodwin to prison it be for the midterm of six years.

In originally sentencing Goodwin to the unauthorized grant of probation, which included 90 days jail time, the trial court stated the following:

> "The defendant has not expressed a willingness to comply with the terms of probation. Ability to comply may be indicated by employment, education, and family ties. He has no depend[e]nts, according to the probation report and the conviction does preclude or may preclude possible employment in the future. He has not expressed remorse for his actions by way of circumstances in aggravation. Prior convictions are numerous and increasing in seriousness and probation. He was on probation when the crime was committed. I don't find any factors in mitigation. [¶] It is of concern to the Court that the statement by the defendant i[n] this matter denies all culpability for the crime for which he was convicted for. I do not find that statement to be credible. This is the defendant's first felony conviction, and I'm not inclined to sentence him to state prison, or to

5

impose the sentence and suspend that sentence for state prison at present. Nor am I inclined, however, to place him on the probation and then just have him walk."

At a hearing scheduled for resentencing on January 2, 2013, Goodwin's counsel argued that, because the trial court previously considered factors in aggravation and mitigation when it granted probation, "the factors in mitigation prevailed that day." For this reason, counsel argued, the lower term would be appropriate. When the People began to articulate the various factors in aggravation, Goodwin's counsel objected, stating that, because the trial court had considered all of the factors when it originally granted probation, it was "not appropriate to revisit these issues." Goodwin's counsel requested that, if the trial court was going to reconsider the issues to determine whether Goodwin would receive the mitigated, mid, or aggravated term, counsel be given an opportunity to brief the issue.

Goodwin's counsel argued specifically that Goodwin's alleged probation violation should not be used against him in determining his sentence. In response, the trial court stated:

> " … [I]t seems to me that it would be inappropriate for me to be considering the post sentencing activities as alleged, as they've not been proved. There are allegations with regard to violation of probation. They may or may not be true. So I'll not be considering those for purposes of correcting the sentence in this matter. I just want the record clear in that regard."

The trial court then gave the parties a week to submit "anything else" they wished, followed by a resentencing hearing January 11, 2013.

At the subsequent resentencing hearing, the trial court clarified that, contrary to its previous statement that it would not be considering anything that happened postjudgment, it had looked at the law and found it was "able to do that. So I would consider things that happened post judgment in this with regard to the re-sentencing here."

6

The parties then reiterated their earlier arguments: Goodwin's counsel again requesting the lower term; the People the midterm. After argument, the trial court listed factors it found in aggravation: Goodwin's failure to take responsibility for his acts; his numerous prior misdemeanors and the fact that he was on probation at the time he committed the offense; the sophistication and professionalism of the crime; and the vulnerability of the minor victim. The trial court found no applicable mitigating factors. The trial court denied Goodwin probation and sentenced him to the midterm of six years in state prison with 221 days of credit for time served in jail.

*Applicable Law and Analysis*

Pursuant to section 266h, subdivision (b)(2), if the person engaged in prostitution is under 16 years of age, the offense is punishable by imprisonment in the state prison for three, six, or eight years. A court "shall order" imposition of the middle term when a statute specifies three possible terms unless the court determines there are circumstances in aggravation or mitigation. (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420(a).) In making this determination, the trial court may consider the record in the case, the probation report, statements in aggravation and mitigation submitted by the parties or the victim, and any evidence introduced at the sentencing hearing. The trial court shall set forth on the record the reasons for imposing the term. (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420(e).)

Sentencing decisions are reviewed for abuse of discretion, and a defendant bears a heavy burden when attempting to show an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) A sentencing court's discretion must be exercised in a manner that is not arbitrary or capricious, that is consistent with the letter and spirit of the law and based on an "'individualized consideration of the offense, the offender, and the public interest.' [Citation.]" (*People v. Sandoval, supra,* at p. 847.)

7

Here, the trial court appropriately engaged in an "'individualized consideration of the offense, the offender, and the public interest.' [Citation.]" (*People v. Sandoval, supra,* 41 Cal.4th at p. 847.) Goodwin's assertion that he was given the middle term instead of the lower term because the trial court improperly considered his postjudgment behavior is not borne out by the record. When the trial court pronounced sentence on Goodwin it found a number of factors in aggravation - his denial of fault, his prior misdemeanors, the fact that he was on probation at the time of the crime, the professionalism of the crime, and the victim's vulnerability. All of these factors were in effect at the time of Goodwin's original sentencing. Thus, regardless of whether the trial court was permitted to consider Goodwin's postjudgment conduct during resentencing, that conduct had no bearing on the trial court's sentence. Even without considering that conduct, we believe it is not reasonably probable Goodwin would have received a more favorable sentence (*People v. Watson* (1956) 46 Cal.2d 818, 836). Accordingly, Goodwin has not met his burden to show an abuse of discretion in sentencing.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, because we addressed and dismissed Goodwin's various claims on the merits, we need not address his alternate claim of ineffective assistance of counsel.

## DISPOSITION

The judgment is affirmed.